MICHAEL KIELB ET AL. *v.* THE WEINBERG REALTY CORPORATION ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 7—decided November 15, 1960

*Sebastian J. Russo,* for the appellants (plaintiffs).

*Joseph J. Burns,* assistant corporation counsel, for the appellees (defendants city of Hartford et al.).

*David M. Shea,* with whom, on the brief, was *Alfred F. Wechsler,* for the appellee (named defendant).

MURPHY, J. The plaintiffs are the owners of residential premises on the south side of Alden Street in Hartford. Their property, hereinafter called the Kielb property, is located in a C-1 residence zone which permits multifamily dwellings, boarding-houses, rooming houses and other buildings of a nonresidential character. Hartford Zoning Ordinance § 42-7 (1947). On the east and west sides of the property there are two driveways, each ten feet wide; they extend from Alden Street southerly into the named defendant's property, which, with these two access driveways, was zoned for business in 1945. Prior to that time, this Weinberg property had been a nonconforming use in a residential zone. There are four large buildings on it, and it covers a

rather extensive area. It is landlocked except for three driveways from Alden Street, including the two heretofore mentioned. The third driveway is in a residential zone. The property has been devoted to business and commercial uses for at least fifty years. The block in which the Kielb and Weinberg properties are located lies west of Wethersfield Avenue. Most of the Wethersfield Avenue frontage of the block, including the area adjoining the Weinberg property on the east, is zoned for business. A supermarket and gasoline station are located there. The property on the northwest corner of Alden Street and Wethersfield Avenue is similarly zoned. It is occupied by a large restaurant and night club. The plaintiffs' complaint, dated February 5, 1958, alleged that the change of zone of the Weinberg property was unconstitutional and illegal in that it was the result of unreasonable and arbitrary action by the Hartford zoning authority. The plaintiffs sought to enjoin the named defendant and those in privity with it from using the premises for business purposes, and to enjoin the city of Hartford and its zoning enforcement officer from allowing the property to be used for business. They also sought damages, claiming that the two driveways, by reason of their condition and the use to which they were put, constituted a nuisance. There is no appeal from the portion of the judgment disposing of this feature of the case. We are concerned only with the zoning aspect.

The plaintiffs assign error in the refusal of the trial court to include in its finding fourteen paragraphs of the draft finding which they claim set forth admitted or undisputed facts. They have failed, however, to file an appendix of evidence to support this claim. Practice Book § 447. They also

attack five paragraphs of the finding as containing facts found without evidence. Where a party claims that the trial court found a material fact without evidence, he may either state that claim in his brief and print no evidence or he may print all relevant evidence. Practice Book § 447. The plaintiffs did neither. Their failure to comply with the rule relieved the defendants of the need of printing such evidence as supported the finding of the court. Maltbie, Conn. App. Proc. § 330. Finally, the plaintiffs attack all of the material conclusions. Conclusions must be tested by the subordinate facts in the finding. *Monick* v. *Greenwich,* 144 Conn. 608, 611, 136 A.2d 501; *Vitale* v. *Gargiulo,* 144 Conn. 359, 364, 131 A.2d 830. Since the conclusions here are supported by the finding as made and no corrections in the finding are possible without the evidence, the conclusions must stand. The fundamental conclusions were that the zoning authority had not acted arbitrarily, unreasonably or in abuse of discretion and that the plaintiffs had failed to sustain the burden of proving that the zoning ordinance in question was invalid, unreasonable, confiscatory or arbitrary. No other result could be justified by the record before us.

There is no error.

In this opinion the other judges concurred.