DOMENIC A. VERRASTER ET AL. *v.* JOHN J. TYNAN, COMMISSIONER OF MOTOR VEHICLES, ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 6—decided June 1, 1965

*Louis Weinstein,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the appellants-appellees (defendants).

*Emmet P. Nichols,* with whom, on the brief, was *Jeremiah M. Keefe,* for the appellees-appellants (plaintiffs).

HOUSE, J. In this action, the plaintiffs allege that § 14-1 (47) of the General Statutes is invalid and void.[1] They pray by way of affirmative and coercive relief an injunction restraining the defendant motor vehicles commissioner from acting pursuant

---

[1] "Sec. 14-1. DEFINITIONS. Terms used in this chapter shall be construed as follows, unless another meaning is clearly apparent from the language or context or unless such construction is inconsistent with the manifest intention of the general assembly: . . . (47) . . . 'Used or second-hand motor vehicle' includes any motor vehicle which has been previously separately registered by an ulti-

to its provisions. They also claim "[a] declaratory judgment determining: a. Whether the said statute is valid and binding or whether said statute is invalid, null and void, 1. Under the provisions of the Constitution of the United States of America, 2. Under the provisions of the Constitution of the State of Connecticut, 3. Whether or not the Commissioner of Motor Vehicles of the State of Connecticut can legally refuse to register the motor vehicle purchased by the plaintiff, Domenic A. Verraster, under the Statutes of the State of Connecticut."

The case was tried on a stipulation of facts, and the court rendered a judgment, the pertinent portion of which reads as follows: "The Court having heard the parties finds that the portion of Section 14-1 (47) defining the phrase 'ultimate consumer' is unconstitutional under the provisions of Article 14, Sec. 1 of the Federal Constitution, and under Article 1, Sec. 1 of the Constitution of the State of Connecticut, and is in violation of the constitutional rights of the plaintiffs. Whereupon it is adjudged and decreed that the portion of Sec. 14-1 (47) which defines the phrase 'ultimate consumer' is declared to be invalid, null and void."

The judgment was thus limited exclusively to a decree that the portion of § 14-1 (47) which defines the phrase "ultimate consumer" in the statute is invalid, null and void. All parties to the action have appealed from the limited judgment as rendered. Among the assignments of error is one directed at

mate consumer. 'New motor vehicle' means a motor vehicle, the equitable or legal title to which has never been transferred by a manufacturer, distributor or dealer to an ultimate consumer. 'Ultimate consumer' means, with respect to a motor vehicle, the first person, other than a dealer, who, in good faith, purchases such motor vehicle for purposes other than resale."

the failure of the court to determine the issues raised by the pleadings.

The judgment neither granted nor denied the requested injunction, and the issues were not found, nor was judgment rendered, for either party. The judgment did not even purport to answer the specific questions for the determination of which the suit was instituted. If we assume, as the trial court did, that a statutory definition of a phrase as used in a statute can in itself be unconstitutional, invalid, null and void as distinguished from the unconstitutionality or invalidity of the entire statute read in the light of the invalid definition, the judgment, as rendered, still did not include any determination of the validity of the statute as it remained after the particular statutory definition of the phrase was held invalid, null and void. The judgment, as rendered, is clearly inadequate since any judgment, to be adequate as such, must conform to the pleadings, the issues and the prayers for relief. *Morici* v. *Jarvie*, 137 Conn. 97, 103, 75 A.2d 47; 30A Am. Jur. 205, Judgments, § 56; 49 C.J.S. 101, Judgments, § 43.

The defendants also assign error on the part of the trial court in reaching several of the conclusions recited in its limited finding. Conclusions must be tested by the subordinate facts. *Kielb* v. *Weinberg Realty Corporation*, 147 Conn. 677, 680, 165 A.2d 601; *Vitale* v. *Gargiulo*, 144 Conn. 359, 364, 131 A.2d 830; Maltbie, Conn. App. Proc. § 166. All the subordinate facts before the trial court were stipulated by the parties, and there is nothing in the stipulation which would support the conclusions that the phrase "ultimate consumer" as used in the statute has for its purpose and effect the promotion of the economic interest of new-car dealers at the

expense of used-car and secondhand-car dealers or that the definition of the phrase "ultimate consumer" in § 14-1 (47) stifled competition in the automobile business and did not operate to protect the public. The record is barren of anything to support these conclusions.

This is not a case similar to *Lerner Shops of Connecticut, Inc.* v. *Waterbury*, 151 Conn. 79, 94, 193 A.2d 472, in which we were able to determine from the trial court's memorandum of decision how the issues were decided although the judgment file did not so state. There, we were able to direct judgment accordingly. Here, the court failed to adjudicate the issues. The case must be remanded so that it may do so. *Cochran* v. *McLaughlin*, 128 Conn. 638, 644, 24 A.2d 836; Maltbie, op. cit. § 349. The questions at issue should be decided by the trial court. *Wiegert* v. *Pequabuck Golf Club, Inc.*, 150 Conn. 387, 390, 190 A.2d 43.

It is unnecessary to consider the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.