NATIONAL BROADCASTING COMPANY, INC.
*v.* RUFUS ROSE

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

220

Argued November 5—decided November 30, 1965

*Burton J. Jacobson,* for the appellant (plaintiff).

*Edmund W. O'Brien,* for the appellee (defendant).

HOUSE, J. There is no dispute about the basic facts in this case. The defendant constructed the puppets for the characters depicted in a television show called the "Howdy Doody Show" and, as an employee of the plaintiff, had possession, care and control of the puppets, together with the stage props and costumes used in the presentations of the show. Title to all these items remained with the plaintiff. The show was closed in September, 1960, and the defendant's employment with the

plaintiff terminated in October, 1960. When the show closed, the puppets, props and costumes were all stored in a combination studio-garage attached to the defendant's house in Waterford, where they were damaged by fire on or about April 23, 1961. In connection with a loss claim filed by the plaintiff with its insurance carrier, the defendant filed an inventory and appraisal of $19,400 as the cost of restoring the damaged items to their original condition. The fire loss was adjusted upon the payment of $9500 to the plaintiff by the insurance company, and the present action was instituted against the defendant in the name of the plaintiff by the insurance company subrogated to the plaintiff's rights. The complaint alleged liability both on the grounds of negligence and breach of a bailment contract. The defendant pleaded the one-year statute of limitations as a special defense to the action so far as it sounded in negligence, and at the trial the plaintiff abandoned its claim based on negligence and pursued only its claim of liability based on the law of bailment.

Although the plaintiff maintained that the defendant was a bailee for hire, the court concluded not only that it failed to establish this claim but that the defendant was at most a gratuitous bailee or depositary for the sole benefit of the plaintiff and was not guilty of such want of care with respect to the nature of the bailment as to render him liable. Accordingly, judgment was rendered for the defendant.

The foregoing factual summary is, of necessity, no more than a general outline of the situation giving rise to the action. The more detailed facts and the conclusions which properly could be drawn from them relative to whether a bailment existed

and, if so, what kind of a bailment, and the extent of the defendant's duty and the degree to which he fulfilled it were the subject of vigorous dispute as indicated by the plaintiff's many assignments of error directed to the finding of facts and the court's conclusions. It is quite obvious from the record that the defendant's enthusiastic and optimistic endeavors to assist the plaintiff in establishing a substantial loss claim against its insurer and the statements volunteered by, and elicited from, the defendant in that connection were given with no expectation that the insurance loss, once established, would be attributed by the subrogated insurance carrier to his own responsibility as a bailee. As is to be expected in such a situation, the appendices to the briefs disclose inconsistent statements and conflicts in the evidence which would in many instances support a finding by the trier of either one of two inconsistent facts. Where the truth lies in such circumstances is a matter peculiarly within the determination of the trier of fact. *Ramadei* v. *Saccavino,* 150 Conn. 700, 190 A.2d 489. That determination will not be disturbed if there is evidence to support its finding of the subordinate facts and if that finding supports its conclusion. *Verraster* v. *Tynan,* 152 Conn. 645, 648, 211 A.2d 150; *Kielb* v. *Weinberg Realty Corporation,* 147 Conn. 677, 680, 165 A.2d 601.

The plaintiff is not entitled to the changes in the finding which it seeks. There is no merit to the claim that certain paragraphs of the finding are without evidential support. The defendant sustained his burden of showing that these paragraphs were supported by evidence printed either in the appendix to his brief or in the plaintiff's own appendix. *Owens* v. *Doyle,* 152 Conn. 199, 209, 205 A.2d 495;

*Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402. Nor is the plaintiff entitled to the additions to the finding which it seeks. Its brief and appendix disclose nothing to show that any of these facts material to the case were, at the trial, admitted or undisputed. *Owens* v. *Doyle,* supra. We can add only such facts. *Saunders* v. *Saunders,* 140 Conn. 140, 143, 98 A.2d 815. Facts are not admitted or undisputed merely because they are not contradicted. The question of credibility is for the trier. *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221. Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to determine the credibility of that evidence. *Town & Country House & Homes Service, Inc.* v. *Evans,* 150 Conn. 314, 316, 189 A.2d 390. The finding serves the purpose of showing the conclusions reached by the trial court upon conflicting testimony which, if reasonably reached, must be accepted. *State* v. *Skinner,* 132 Conn. 163, 166, 43 A.2d 76.

The trial court concluded that the defendant was not a bailee for hire, but, at most, a gratuitous bailee or depositary for the sole benefit of the plaintiff. At the closing of the show, there was some talk that "Howdy Doody" might be brought back after a short time, but thereafter there was no demand for it. The puppets and props were turned over to the defendant to take back to his workshop in Waterford from whence they had originally come. There was only an informal agreement between the defendant and the plaintiff's agent that the puppets and props would be stored with the defendant at his workshop until some other arrangements were made with the plaintiff for their storage or disposition. There was no agreement as

to any compensation or the conditions for storage other than that the puppets and props were to be kept by the defendant until further notice from the plaintiff. There were, thus, subordinate facts to support the conclusion of the court that the bailment was not one for hire but a gratuitous one, or one for the sole benefit of the bailor.

There is a wide diversity of authority not only as to the standard of care required from a gratuitous bailee but as to the proper definition of the test to be applied. See annotations, "Duty and liability of gratuitous bailee or mandatary," 4 A.L.R. 1196, 96 A.L.R. 909. In *Welch* v. *Boston & A.R. Co.,* 41 Conn. 333, 343, we approved the standard of reasonable care under the circumstances, saying: "A bailee without reward is responsible for such care as a prudent man takes of his own property; in other words, for ordinary care." See also *Beers* v. *Boston & A.R. Co.,* 67 Conn. 417, 427, 34 A. 541. "[A]n increasing number of the modern authorities" have adopted this standard. 8 Am. Jur. 2d, Bailments, 1099 § 210, 1107 § 216; see *Briggs* v. *Spaulding,* 141 U.S. 132, 150, 11 S. Ct. 924, 35 L. Ed. 662; *Preston* v. *Prather,* 137 U.S. 604, 608, 11 S. Ct. 162, 34 L. Ed. 788; *Heyman & Bros., Inc.* v. *Marshall Field & Co.,* 301 Ill. App. 340, 22 N.E.2d 776; *Perry* v. *Seaboard Air Line Ry. Co.,* 171 N.C. 158, 88 S.E. 156; *Wilson* v. *Etheredge,* 214 S.C. 396, 52 S.E.2d 812; *Jones* v. *Warner,* 57 Wash. 2d 647, 359 P.2d 160.

On the record before us there is nothing to indicate that the trial court did not properly apply the standard of reasonable care required of a gratuitous bailee under the circumstances to the conduct complained of by the plaintiff, as amplified by its more specific statement.

Nor does it appear that the trial court failed to accord to the plaintiff the benefit of the presumption of a bailee's negligence which arises once a bailment has been established and the bailee is unable to redeliver the subject of the bailment to the bailor in an undamaged condition. "[W]hen a bailee returns the bailed property to the bailor in a damaged condition there arises a presumption that the damage was the result of the bailee's negligence. This presumption prevails unless and until the bailee proves the actual circumstances involved in the damaging of the property. If those circumstances are proved, then the burden is upon the bailor to satisfy the court that the bailee's conduct in the matter constituted negligence. *Murray* v. *Paramount Petroleum & Products Co.,* 101 Conn. 238, 242, 125 A. 617; *O'Dea* v. *Amodeo,* 118 Conn. 58, 63, 170 A. 486. The circumstances which the bailee must prove must be something more than those indicating the immediate cause of the damage. The proof must go so far as to establish what, if any, human conduct materially contributed to that immediate cause. *Frissell* v. *John W. Rogers, Inc.,* 141 Conn. 308, 312, 106 A.2d 162." *Leake & Nelson Co.* v. *W. J. Megin, Inc.,* 142 Conn. 99, 102, 111 A.2d 559. " 'The isolated fact of destruction by fire or of loss by theft rebuts nothing. The bailee must prove something more if he is to overcome the presumption. He must prove the actual circumstances connected with the origin of the fire or the theft, and these include the precautions taken to prevent the loss.' *Frissell* v. *John W. Rogers, Inc.,* 141 Conn. 308, 311, 106 A.2d 162." *Aetna Casualty & Surety Co.* v. *Poppel & Sons Service Station, Inc.,* 142 Conn. 598, 604, 115 A.2d 655.

The trial court's finding discloses that the cir-

cumstances and conditions of the storage were proved, that the fire started about 1 a.m. in the studio-garage where defendant and his wife worked and kept some of their own personal property, that neither the defendant nor his wife know how the fire started, and that it probably started in a radio.

We can properly turn to the memorandum of decision to ascertain the grounds upon which the court acted. *Grievance Committee* v. *Rottner,* 152 Conn. 59, 64, 203 A.2d 82; *Molk* v. *Micklewright,* 151 Conn. 606, 608, 201 A.2d 183; Maltbie, Conn. App. Proc. § 152. In its memorandum of decision the trial court made specific reference to the presumption which arises in cases of bailment and, citing the cases to which we have already referred, noted that the prima facie case of negligence on the part of the bailee "may be overcome by the bailee by any explanation which will satisfy the trier that the loss was not due to his failure to exercise reasonable care in the custody of the goods." The court concluded that the defendant bailee had sustained this burden and had proved the actual circumstances involved in the damage to the property, thus rebutting the presumption, and that the plaintiff bailor did not sustain the burden of showing that upon the whole case the bailee was in fact negligent. It thus appears that the court applied the correct principles of law to the facts which it found and in such circumstances its conclusion must stand.

There remain four assignments of error in evidentiary rulings made by the trial court. In regard to the first ruling attacked, the question which was permitted over the plaintiff's objection was withdrawn and not answered. The correctness of the second ruling depended on the relevancy of the sub-

ject of inquiry. A trial court has wide discretion in its rulings on the relevancy of evidence. *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724; *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473. The court did not abuse its discretion in this instance. The third ruling correctly sustained an objection on the ground of hearsay to a question asking a witness to testify to what a third person had stated to him. That the plaintiff claimed the question was admissible because it sought disclosure of information claimed to be included in a record made in the regular course of business did not avail him. The proper way to prove the contents of such records is to introduce the record itself rather than to receive oral testimony as to the contents of the records. *Manfredi* v. *United Aircraft Corporation,* 138 Conn. 23, 25, 81 A.2d 448; *State* v. *Ferraiuolo,* 145 Conn. 458, 464, 144 A.2d 41. In the fourth ruling the court sustained an objection to the admissibility of part of the file of an insurance company investigator purporting to record the substance of a conversation between the investigator and an agent of the plaintiff. The offered exhibit was not marked for identification and is not a part of the record on this appeal. It therefore is not available for examination by this court to determine whether in the light of such cases as *Sheary* v. *Hallock's of Middletown, Inc.,* 149 Conn. 188, 194, 195, 177 A.2d 680, the trial court made a proper ruling. *Duncan* v. *McTiernan,* 151 Conn. 469, 470, 199 A.2d 332.

There is no error.

In this opinion the other judges concurred.