FAIRFIELD LEASE CORPORATION *v.* RADIO SHACK
CORPORATION ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-6510-22491

---

[1] The defendants made default of appearance at the hearing scheduled before the Appellate Division and failed to file any brief.

Argued July 15[1]—decided November 29, 1968

*James M. Kearns,* of Bridgeport, for the appellant (plaintiff).

---

[1] This case was argued before the Appellate Division on July 15, 1968, and thereafter, on August 20, 1968, the following order was made. "In accordance with § 985 of the Practice Book, the case is remanded to the trial court for a further finding within three weeks, in particular in regard to any inconsistency in the finding between paragraph 9 on the one hand and paragraphs 22, 25 and 28 on the other. Since none of the payments were made exhibits in the case, the corrected finding will give full particulars of the payment of $79 in paragraph 9. The filing of the further finding is subject to the right of the parties to move for corrections of the finding and to assign error thereto, and if error is so assigned, to claim the case for argument on the additional error assigned and to file further briefs. Such assignments of error, if any, shall be filed within two weeks from the date the clerk receives notice of the action of the judge on the motion to correct the finding, or if there is no motion to correct, within two weeks from the date the finding is filed. Practice Book . . . [987]." On September 11, 1968, the court filed its corrected finding. On September 26, 1968, the plaintiff made a motion to correct paragraph 9 of the corrected finding, which motion was denied by the court on October 1, 1968. More than two weeks having passed since the action of the court on the motion to correct and no further error having been assigned, we shall consider the case on the finding and the corrected finding and the original assignments of error.

*Louis M. Altman* and *Jerome J. Rosenblum,* both of Stamford, for the appellee (named defendant).

KINMONTH, J. This action was brought to recover the balance due on an instalment contract for one hot-drink machine. From the record before us, it does not appear whether the codefendant, Mel Williams, was served with process, but the trial proceeded as though Radio Shack Corporation was the only defendant and judgment in the case was made in favor of Radio Shack Corporation only. For the purpose of this opinion, when we refer to the defendant it will be Radio Shack Corporation. From the judgment for the defendant the plaintiff has appealed, assigning error in the court's refusal to find certain facts which were admitted or undisputed, in its finding of certain facts without evidence, and in that the conclusions are not supported by the facts found.

The plaintiff's attack on the finding amounts to one of those wholesale attacks which we have so often criticized, and we have repeatedly pointed out that attacks of this nature rarely produce any beneficial results. *Morrone* v. *Jose,* 153 Conn. 275, 276. The plaintiff is not entitled to the changes in the finding which it seeks. There is no merit to the claim that certain paragraphs of the finding are without evidential support. *Marquis* v. *Drost,* 155 Conn. 327, 330; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 222. Nor is the plaintiff entitled to the additions to the finding which it seeks. There is nothing to show that any of these facts which are material to the case were, at the trial, admitted or undisputed. Facts are not admitted or undisputed merely because they are not contradicted. The question of credibility is for the trier. Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to

determine the credibility of that evidence. *National Broadcasting Co.* v. *Rose,* supra. The acceptance or rejection of testimony and the weight to be given evidence are a matter for the trial court. *Greenwich Contracting Co.* v. *Bonwit Construction Co.,* 156 Conn. 123, 129. The finding serves the purpose of showing the conclusions reached by the trial court upon conflicting testimony which, if reasonably reached, must be accepted.

The court's finding as amended shows the following facts. The plaintiff is the assignee of a contract entered into by U-Vend Corporation. U-Vend Corporation is engaged in the business of leasing and servicing vending machines. The defendant is a large national retailer of electrical goods such as radios, hi-fi sets, and related goods, with one of its outlets situated at 29 High Ridge Road, Stamford, Connecticut, which outlet was managed by Mel Williams. On November 12, 1964, U-Vend Corporation, at the request of Mel Williams, delivered a hot-drink machine and a soda dispensing machine to the defendant's premises in Stamford, and Mel Williams signed a receipt for them as manager. The lease for the hot-drink vending machine was at the rate of $39 per month for a period of three years; the soda machine was free. On November 30, 1964, the plaintiff received, from U-Vend Corporation, a check, endorsed by U-Vend Corporation, in the amount of $79. This check was made out to the order of U-Vend Corporation and was signed by Mel Williams and was not a check of the defendant. Upon the assignment of the lease to the plaintiff, it notified, by letter addressed to the defendant's store in Stamford, that payments should be made directly to the plaintiff. On December 18, 1964, the plaintiff received a money order on the Stamford Fidelity Bank and Trust Company signed Radio Shack Corporation by Winnie Bly. Subsequent monthly

payments were made to the plaintiff by money orders signed by various employees of the defendant's Stamford store, including Mel Williams. Numerous letters were addressed to the defendant at Stamford by the plaintiff. Letters were addressed to U-Vend Corporation, for supplies and repairs, on letterheads of the defendant and signed by Mel Williams and other employees of the Stamford store. The lease from U-Vend Corporation was signed by Mel Williams for Radio Shack Corporation and was personally guaranteed by him. Mel Williams, as manager of the Stamford store, had limited authority, in that he had no authority to make purchases of stock or any other items used in the store, nor could he write checks for the defendant, and he did not have a checkbook of the defendant in his possession. All proceeds from the store were deposited in an agency account at the Stamford Fidelity Bank and Trust Company in Stamford and were transferred from the bank to the First National Bank of Boston for the account of Radio Shack Corporation. Neither the plaintiff nor U-Vend Corporation ever contacted any officers of the defendant in connection with the lease, nor did they inquire of Mel Williams as to his authority. No payments on the lease were ever made by the defendant, and it knew nothing about the lease until Mel Williams left its employment, when it immediately, or on July 12, 1965, by a letter signed by the secretary and assistant treasurer of the defendant, notified U-Vend Corporation that Mel Williams had no authority and requested that the machines be taken out. Neither Mel Williams nor any other persons who sent money orders in payment of the instalments had authority to do so for the defendant.

Upon the foregoing facts, the court concluded that Mel Williams, as manager of the defendant's store

in Stamford, did not have express authority to enter into the lease in behalf of the defendant; that he had no implied or apparent authority to do so; and that there was no ratification of the lease by the defendant.

The court's conclusions are to be tested by the finding and must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Pigeon* v. *Hatheway*, 156 Conn. 175, 182; *Johnston Jewels, Ltd.* v. *Leonard*, 156 Conn. 75, 79. Mel Williams was not produced as a witness, and it must be conceded that he had no express authority from the defendant to enter into the lease on its behalf. These are the facts found by the court. The finding is not subject to correction; the evidence supports the facts found.

The basic question of law presented by this appeal is whether Mel Williams, purporting to act on behalf of the defendant, could bind it in the lease of the vending machine. There being no express authority, it is necessary to look to the facts to determine whether there is implied or apparent authority. "The existence of an implied agency is essentially a question of fact. . . . The proof is generally found in the acts and conduct of the parties." *Cleaveland* v. *Gabriel*, 149 Conn. 388, 394. It is a fact to be proven by deductions or inferences from the manifestations of consent of the principal and from the acts of the principal and agent; it is that which the principal intends his agent to possess and which is proper, usual and necessary to the exercise of the authority actually granted or to the purpose to be achieved. *Fireman's Fund Indemnity Co.* v. *Longshore Beach & Country Club, Inc.*, 127 Conn. 493, 498. The law presumes that an employer intends his employee to have such powers as are reasonably necessary for

him to carry on his work for the employer and such other powers as are reasonably necessary for him to carry into effect the powers thus implied. *Ackerson* v. *Erwin M. Jennings Co.,* 107 Conn. 393, 397.

Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. "To fix the principal's liability for the agent's act, it must be shown either that the principal, by his own acts, causes the mistaken belief that the agent had the requisite authority or that the principal knowingly permitted the agent to engender that belief. . . . Also, of course, the third party must have acted in good faith on the false appearance created by the principal." *Lewis* v. *Michigan Millers Mutual Ins. Co.,* 154 Conn. 660, 665; *Quint* v. *O'Connell,* 89 Conn. 353, 357. Apparent power of an agent is to be determined not by his own acts but by those of the principal. *Zazzaro* v. *Universal Motors, Inc.,* 124 Conn. 105, 111. Whether a principal is bound by the acts of his agent, when dealing with a third person who does not know the extent of his authority, depends, not so much on the actual authority given or intended to be given by the principal, as upon the question, what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority, from the acts of the principal? *Washington Cedar & Fir Products Co.* v. *Elliott,* 91 Conn. 350, 353. The apparent authority of the agent which thus binds the principal, beyond that actually conferred, must always be deduced from authorized acts of the agent, and from surrounding facts with a knowledge of which the principal is chargeable, and not from the acts of the agent himself in excess of his authority and of which the principal had no notice. *Ibid.*

In the instant case, the defendant did not hold Mel Williams out to the plaintiff as possessing the authority to lease the vending machine, nor did it knowingly permit him to act as having such authority. Indeed, the defendant did not learn of his actions until some eight months later, at which time it expressly rescinded the lease. There is no evidence that the plaintiff relied on anyone other than Williams before it installed the machine. The plaintiff was not justified in relying solely on Williams' request. In applying the general rules to the facts of this case, we cannot say that the trial court erred in reaching the conclusions it did.

As to the question of ratification, the plaintiff urges that the vending machine, having been on the defendant's premises at Stamford for a period of eight months, must have put the defendant on notice of the agreement, and that its failure to act constituted a ratification of the manager's actions. There are no facts sufficient to establish knowledge, actual or imputed, by the defendant of the acts of its manager in this case. On the contrary, as soon as the defendant learned of the lease agreement it immediately disavowed it. "Ratification means the adoption by a person, as binding upon himself, of an act done in such relations that he may claim it as done for his benefit, although done under such circumstances as would not bind him except for his subsequent assent; as where an act was done . . . by an agent not having adequate authority. The acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances, is a ratification." *Ansonia* v. *Cooper*, 64 Conn. 536, 544; *Cyclone Fence Co.* v. *McAviney*, 121 Conn. 656, 661; *Bond Rubber Corporation* v. *Oates Bros., Inc.*, 136 Conn. 248, 251. No payments were ever made by the defendant on the lease, and thus there cannot be ratification by estoppel.

Under the facts of this case we cannot say that the trial court erred.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.