PAUL J. MANGIARACINA *v.* MICHAEL CAPPUCCETTI, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-669-8705

Argued October 28, 1968—decided October 17, 1969

*David Brown,* of Meriden, for the appellant (defendant).

*Leonard J. Powers* and *Joseph P. Patrucco,* both of Meriden, for the appellee (plaintiff).

PER CURIAM. The complaint in this case alleges negligence of the defendant in the overhaul and repair of a damaged automobile owned by the plaintiff, resulting in damage to the motor so that it had to be replaced. The defense was a general denial. In this appeal from the judgment for the plaintiff, the defendant assigns numerous errors in the finding of subordinate facts and in the conclusions reached by the court. A lengthy motion to correct was filed which the court granted in part, and error is assigned in the failure of the court to allow all the corrections sought.

The defendant's attack on the finding amounts to one of those wholesale attacks which we have so often criticized, and we have repeatedly pointed out that attacks of this nature rarely produce any beneficial results. *Morrone* v. *Jose,* 153 Conn. 275, 276. The defendant is not entitled to the changes in the finding which he seeks. There is no merit to the claim that certain paragraphs of the finding are without evidential support. *Marquis* v. *Drost,* 155 Conn. 327, 330; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 222. Nor is the defendant entitled to the additions to the finding which he seeks. There is nothing to show that any of these facts which are

material to the case were, at the trial, admitted or undisputed. Facts are not admitted or undisputed merely because they are not contradicted. The question of credibility is for the trier. Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to determine the credibility of that evidence. *National Broadcasting Co.* v. *Rose, supra.* The acceptance or rejection of testimony and the weight to be given evidence are a matter for the trial court. *Greenwich Contracting Co.* v. *Bonwit Construction Co.,* 156 Conn. 123, 129. The finding serves the purpose of showing the conclusions reached by the trial court on conflicting testimony which, if reasonably reached, must be accepted.

The essential facts as found by the court may be summarized as follows: The plaintiff is the owner of a 1965 Volkswagen, purchased in October, 1964. On December 1, 1965, it was struck by another vehicle and was damaged in the body and in some mechanical parts. It was towed to the defendant's garage in Meriden. The plaintiff informed the defendant that he was to do the body work but that mechanical repairs would be made by Don's Garage in Meriden and that the needed parts would be supplied by that garage. The insurer representing the owner of the vehicle which collided with the plaintiff's car agreed on the total damages to be paid. The appraisal was made at the defendant's place of business. The plaintiff agreed to pay the entire insurance settlement to the defendant. Several days later the defendant telephoned the plaintiff that the repair work was completed, and the plaintiff and his son went to pick up the car. The defendant claimed that no mechanical work had been requested of or performed by Don's Garage, that he had performed the needed mechanical work himself, that the repairs were completed and that

the car was ready to be driven and to be operated on the highway. The plaintiff delivered the insurance settlement check to the defendant and drove the car home in the late afternoon. About five hours later, the plaintiff's son used the automobile to travel from the plaintiff's house to his place of employment. In the course of his travel, the car broke down about one and one-half miles from the plaintiff's house and could not be operated. Investigation soon thereafter, at Don's Garage, disclosed that the motor was completely beyond repair. The cause of the motor damage was, indisputably, loss of oil resulting from the fact that the valve cover had worked loose because of the partial displacement of the retaining spring. This fault was ascertainable on casual inspection. It was shown to the defendant by Don Dufresne, of Don's Garage, immediately following the accident. The repair of the valve spring was a minor item. It could be accomplished by the simple use of a screwdriver, and for this service ordinarily no charge would be made. The defendant failed to make this required repair and did not inform the plaintiff of his failure. When the plaintiff took delivery of his vehicle, the defendant represented himself as being a competent mechanic and that everything was "all set," referring, no doubt, to the general mechanical condition of the car as well as the body repairs. The plaintiff relied on these statements and representations.

Upon the foregoing facts, which were supported by evidence, the trial court concluded that the defendant was negligent in failing to observe the loose condition of the valve spring at a time when he should have noticed it and in not taking precautions to correct this condition. As a consequence there was a rapid loss of oil in the engine, causing the inevitable breakdown and requiring the replacement of the motor.

The judgment for the plaintiff was correct and the amount of damages, making due allowance for depreciation, was fair. The issue of law dispositive of this case is that the defendant was negligent in failing to make a reasonable inspection of the loose oil valve cover and spring, and in failing to make the required correction of the condition readily ascertainable by such an inspection, before delivery of the car to the plaintiff. This negligence, being a proximate cause of the injury sued on, rendered him liable in damages. See such cases as *McGuire* v. *Hartford Buick Co.*, 131 Conn. 417, 420; *Dean* v. *Hershowitz*, 119 Conn. 398, 404, 405; *Chamberlain* v. *Bob Matick Chevrolet, Inc.*, 4 Conn. Cir. Ct. 685, 692–93, and cases cited; note, 24 A.L.R.3d 465.

There is no error.

In this opinion WISE, DEARINGTON and MACDONALD, Js., participated.