[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William N. Garvey seeks to recover the cost of missing goods which he stored on premises owned by defendant D'Addario Industries, Inc. In his cross-complaint (pleading number 102), the plaintiff claims defendant either breached an oral agreement to provide security or breached a bailment agreement. The defendant denies there was an agreement to provide security or a bailment. I have found the issues in favor of the defendant.
The evidence establishes the following: The plaintiff is in the recycling business. In 1984, he needed a place to store old batteries and other items. The defendant owns fifteen acres on which is located old, cavernous industrial buildings which CT Page 3583 are no longer used. The industrial site can be entered through a main gate or through holes in a perimeter fence. A small, old building is located on the border of the site. In 1984, the windows and doors of the small building were in disrepair. The small building could be entered from the interior of the industrial site or from the adjoining property by going through unsecured windows.
The defendant allowed the plaintiff to use the small building for storage on condition the plaintiff repair the building. After three months, the plaintiff was to pay rent. The parties never agreed upon an amount for rent. The plaintiff never paid rent. Other than repairs to the floor, the plaintiff never repaired the building. The plaintiff placed 200 to 300 old batteries and other items in the small building. During the daytime, he and many others had unlimited access to the site.
In 1988, defendant became aware of vandalism at the site. To protect its fleet of construction trucks which were stored on the site and to prevent vandalism, the defendant contracted for the services of a guard company. Under the agreement with the guard company, one guard was stationed at the main gate.
In August of 1988, the plaintiff noticed that many of the items which he had placed in the small building were missing. He estimates the value of the missing items to be in excess of $5,000.00.
Based upon the foregoing, I conclude that the defendant did not agree to provide security under an oral lease. I also conclude the defendant did not become a bailee of plaintiff's goods. Assuming, arguendo, that a bailment existed, the plaintiff exercised reasonable care under the circumstances. See National Broadcasting Co. v. Rose, 153 Conn. 219, 224 (1965).
On plaintiff's cross-complaint, judgment shall enter in favor of defendant D'Addario Industries, Inc.
THIM, JUDGE