[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Town of Southbury instituted this action against the defendant Joseph Smarrelli by way of a three count complaint, dated August 13, 1991. In the first count of its complaint, the Town alleges that on June 7, 1988, its Assistant Building Inspector issued a stop work order against the defendant, prohibiting the defendant from continuing with the construction or renovation of a shed located on the defendant's property, CT Page 10531 known as 65 Scout Road, Southbury, Connecticut. The plaintiff alleges in paragraph 3 of the first count that the construction of the shed by the defendant was in violation of various sections of the zoning regulations. In count two of the complaint, the plaintiff alleges that the defendant failed to abate the violations after the defendant received notice and a request to abate from the zoning enforcement officer on June 16, 1988. (Plaintiff's Exhibit 6). In the third count, the plaintiff alleges that the defendant failed to obey the "cease and desist" order, dated August 12, 1991 (Plaintiff's Exhibit 8), which was issued by the zoning enforcement officer, Leonard Goldberg. As to each count, the plaintiff prays for temporary and permanent injunctions pursuant to General Statutes § 8-12, prohibiting the defendant from any further construction or reconstruction of the shed. In addition, as to all counts, the plaintiff seeks penalties, damages, and fines as permitted under General Statutes § 8-12.
This action arises out of the following scenario: The defendant owns property in Southbury, Connecticut, known as 65 Scout Road. Since a time preceding the adoption of zoning regulations by the town of Southbury, a small shed has existed on the southerly line of the defendant's property. Sometime in 1988, the defendant began to do some construction or renovation work on the shed. There is no question that Mr. Smarrelli made some improvements to the shed, and he concedes that he added a two foot by two foot addition to the southeast corner of the shed to "square it off." He also admits repairing some fire damage which occurred in the shed.
The Town claims that Mr. Smarrelli, in fact, enlarged the shed beyond the two square foot dimension claimed by Mr. Smarrelli, and that the shed now encroaches over the south property line. The defendant readily admits that construction work was performed on the shed and that he did not obtain either a building permit or a zoning permit, as required. Prior to June 7, 1988, Mr. Smarrelli was advised by the Town that he needed a permit to continue construction. Apparently, he applied for a permit, which was not issued. In any event, Mr. Mark Cody, the Assistant Building Inspector, testified that on June 7, 1988, he personally issued a stop work order to Mr. Smarrelli ordering the immediate cessation of all construction on shed. Mr. Smarrelli testified that he ceased all construction following the issuance of the stop work order. However, Mr. Cody testified that Mr. Smarrelli ignored his order on the day it was issued and CT Page 10532 continued to work. Mr. Cody further testified that work continued on the shed for a period of time following the issuance of the stop work order. In any event, there is no question that Mr. Smarrelli did eventually stop working on the shed, as the court viewed the premises after trial and observed that the construction work on the shed was unfinished.
The court permitted the plaintiff latitude in introducing evidence in connection with the defendant's claim that it added to the original dimensions of the shed. The defendant objected strenuously to any evidence in connection with the plaintiff's claim that the additions made to the shed resulted in an encroachment on the neighbor's property. The court ruled that since paragraph four of the first count, which was incorporated in the other counts, alleged that the defendant constructed and/or reconstructed a structure (the shed), the court permitted evidence as to whether the original shed was enlarged as a result of the construction or reconstruction. However, the defendant points out and the court agrees that there are no allegations in the complaint regarding a claim of encroachment, nor are there any specific claims for relief directed specifically to the issue of encroachment. As indicated, the plaintiff made no allegations regarding encroachment and, therefore, the court cannot consider that claim now.
 It is still the law that the right of a plaintiff to recover is limited by the allegations of the complaint. Striminska v. Yates, 158 Conn. 179, 185, 157 A.2d 814; and any judgment should conform to the pleadings, the issues and prayers for relief.
Brill v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262 (1970); see alsoVerraster v. Tynan, 152 Conn. 645, 648, 211 A.2d 150 (1965).
From the evidence adduced at trial, the court finds as follows: There is unquestioned testimony that the defendant added a two square foot addition to the southeast corner of the shed, and that the defendant added a deck on the west side of the shed. The plaintiff did not present any evidence indicating whether the addition was a staircase, deck, or some other "structure" that constituted a change or addition to a non-conforming use. It is also unclear to the court whether the stairs or deck area on the east side of the shed were merely replaced, or, in fact, were enlarged. CT Page 10533
However, Southbury Zoning Regulations, § 14.2 dictates that an "[a]pplication for a zoning permit shall be submitted to a Zoning Enforcement Officer prior to construction, reconstruction, extension, enlargement, moving or structural alteration of any building or other structure." In addition, § 1.2 of the Southbury Zoning Regulations dictates that "[n]o building or other structure, or part thereof, shall be constructed, reconstructed, enlarged, extended, moved or structurally altered until an application for a zoning permit has been approved by the Zoning Enforcement Officer and a zoning permit therefor has been issued by him." Southbury Building Regulations § 111.1 dictates that "[i]t shall be unlawful to construct, enlarge, alter or demolish a structure . . . without first filing an application with the code official in writing and obtaining the required permit therefore."
Section 1.7 of the Southbury Zoning Regulations requires that "[t]he words used in these Regulations shall have the meaning commonly attributed to them." "A zoning regulation must be interpreted in light of our ordinary rule that [w]here the language of the statute is clear and unambiguous, the courts cannot, by construction, read into statutes provisions which are not clearly stated. . . . A zoning ordinance is a local legislative enactment, and in its interpretation the question is the intention of the legislative body as found from the words employed in the ordinance. . . . The words employed are to be interpreted in their natural and usual meaning." (Citations omitted; internal quotation marks omitted.) Roraback v. Planning Zoning Commission, 32 Conn. App. 409, 413-14, 628 A.2d 1350
(1993). The Connecticut Supreme Court "has considered the meaning of the term "structure" and examined cases from other jurisdictions which construe that term. . . . In addition to buildings and certain other freestanding constructions, the term "structures" was held to include devices which are not in any strict sense independent buildings, as, for example, bay windows, signs attached to the sides or roof of a building, passways, bridges or arches between buildings, all forms of structures in mines, billboards, platforms and staging." Alderman v. HanoverInsurance Group, 169 Conn. 603, 608-09, 363 A.2d 1102 (1975) (construing common meaning of terms used in insurance policy).
The court finds that the shed was a building or structure as the term is used in Southbury Zoning Regulations § 1.2 and § 14.1. In addition, the defendant admittedly altered, enlarged, extended and reconstructed the shed. It is clear to the CT Page 10534 court that the defendant violated the Southbury Building Code of the Town of Southbury by failing to obtain a building permit for the work he admittedly performed on the shed. In addition, the court finds that the defendant violated the Southbury Zoning Regulations by failing to obtain a zoning permit for the work performed on the shed. The defendant conceded that he did not obtain any permits for the construction or reconstruction.
However, with respect to the plaintiff's claims of a violation of § 13.10 of the Southbury Zoning Regulations, which prohibits the reconstruction of a nonconforming structure after the nonconforming structure is destroyed to an extent greater than 50% of its assessed value, there was no evidence presented by the plaintiff with respect to the assessed valuation of the shed or the percent of destruction to the shed attributable to fire damage. Accordingly, the court finds that the plaintiff failed to substantiate its claim of a violation § 13.10.
Also, the court does not find that sufficient credible evidence was presented by the plaintiff to support a finding that the defendant failed to comply with the Town's stop work order within ten days from the date it was issued on June 7, 1988. The court is satisfied that, in fact, the defendant did cease all work on the shed, and that no work on said premises has been resumed since 1988.
The court should note that, at the request of the parties, the court viewed the premises and the shed. Although the plaintiff attempted to delineate the southerly property line by stringing a rope between two unknown points while the court was performing the inspection, the court ignored this offer of proof. As noted above, the court has made no findings as to encroachment, since that issue was not plead and the defendant was not given an opportunity to defend this claim. As noted above, the court did, however, permitted the plaintiff to introduce evidence regarding the enlargement of the shed, which, in fact, the court found was done by the defendant.
DISCUSSION
As noted above, the plaintiff seeks an injunction and other relief as allowed by General Statutes § 8-12. General Statutes § 8-12 "provides local zoning enforcement officers with a means to enforce local zoning laws. The statute CT Page 10535 specifically grants the zoning enforcement officer the power to sue for injunctive relief as well as to impose monetary fines and to enforce its rules by instituting a suit to enjoin a party from violations of zoning laws." (Citations omitted.) Crabtree v.Coyle, 19 Conn. App. 208, 208-09 n. 1, 561 A.2d 455 (1989).
 In seeking an injunction pursuant to § 8-12, the town is relieved of the normal burden of proving irreparable harm and the lack of an adequate remedy at law because § 8-12 by implication assumes that no adequate alternative remedy exists and that the injury was irreparable. Conservation Commission v. Price, 193 Conn. 414, 429, 479 A.2d 187 (1984). The town need prove only that the statutes or ordinances were violated. Id. The proof of violations does not, however, deprive the court of discretion and does not obligate the court mechanically to grant the requested injunction for every violation. Id., 430. . . . [D]iscretion is to be exercised "in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Internal quotation marks omitted.) Hammerberg v. Leinert, 132 Conn. 596, 604, 46 A.2d 420
(1946).
Gelinas v. Town of West Hartford, 225 Conn. 575, 626 A.2d 259
(1993).
Having found that the defendant violated the zoning and building regulations of the Town of Southbury because of his failure to obtain necessary permits, the court will issue a permanent injunction ordering that the defendant not perform any further work on said shed until and unless he obtains both approval from the necessary zoning authority of the Town of Southbury, as well as the necessary permission from the building department of said town.
As noted, the court does not find sufficient credible evidence to find that the defendant failed to comply with the town stop work order within ten days from the date it was issued on June 7, 1988. The court is satisfied that, in fact, the work did stop, and that the defendant has not resumed work on the shed since 1988.
The court, therefore, will only order a permanent injunction CT Page 10536 ordering that the defendant remove the two foot by two foot addition to the southeast corner of said shed within six months from this date. The court will further permanently enjoin the defendant from doing any further construction in connection with said shed until and unless he has obtained from the Town of Southbury all necessary permits, including but not necessarily limited to all building and zoning permits. In addition, the defendant is enjoined from any use of said shed that is not consistent with the present zoning and/or building regulations of the Town of Southbury. In the event that the defendant has not removed the two foot by two foot addition to said shed on or before February 10, 1995, then the court will impose a civil penalty of $100.00 per day, not to exceed $2,500.00, as provided under § 8-12 of the Connecticut General Statutes.
/s/ Pellegrino, J. PELLEGRINO