[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint alleges that the plaintiff turned over possession of his golden necklace to the defendant, which he was CT Page 13464 asked to remove for performance of physical therapy. Paragraphs 2 and 4. The defendant was paid for the performance of physical therapy. Paragraph 3. The defendant had exclusive control of the property and failed to take proper precautions to secure the property. Paragraph 5 c. Paragraphs 5 a, b, c, d set forth allegations of negligence, including leaving the necklace in an unlocked drawer with common access. Consequently the defendant was unable to return the necklace to the plaintiff.
The defendant moves to strike the complaint, claiming that the complaint fails to state facts sufficient to establish a duty owed to the plaintiff by the defendant and because it fails to state sufficient facts to show a bailment.
The law recognizes two types of bailment — a bailment for hire and a gratuitous bailment. The defendant appears to take the position that unless there is a specific contract of bailment, in the sense of mutuality of consideration passing from each party to the other, there was no bailment. Stated otherwise the defendant appears to take the position that if there is no bailment for hire there can be no bailment.
First, the complaint allows room for argument that the consideration paid for the physical therapy treatment includes the services of taking into possession and safeguarding the personal effects of the patient which the therapist requires be removed for the purposes of performing the therapy. If that be the case there would probably be a bailment for hire.
Even if that proposition were not to prevail, the facts alleged would be adequate to support the contention of a gratuitous bailment.
"There was no agreement as to any compensation or the conditions for storage other than that the puppets and props were to be kept by the defendant until further notice from the plaintiff. There were, thus, subordinate facts to support the conclusion of the court that the bailment was not for hire but a gratuitous one, or one for the sole benefit of the bailor."National Broadcasting Co. v. Rose, 153 Conn. 219, 223, 224
(1965). "A bailee without reward is responsible for such care as a prudent man takes of his own property; in other words, for ordinary care." Rose, supra, P. 224.
The plaintiff has at very least alleged a gratuitous CT Page 13465 bailment, and conceivably a bailment for hire. In either circumstance, if so proven, he would be owed the duty of due care as to the safekeeping of the property.
The motion to strike is denied.
L. Paul Sullivan, J.