[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a four count complaint alleging the following: 1) Failure to pay rent, tax escalators, service charges and interest; 2) unjust enrichment; 3) breach of duty of good faith and fair dealing; and 4) the defendant Fontaine Bianche Bakery, LLC is liable as successor in interest to Fontaine Bianche Bakery, Inc.
After a review of the pleadings, evidence presented and assessment of the credibility of the witnesses, the Court finds the following relevant facts:
The plaintiff, a general partnership, owned the premises located at 50 Budney Road, Newington, Connecticut. On August 16, 1993, the plaintiff, and the defendant, Fontaine Bianche Bakery, Inc., entered into a written CT Page 5521-p commercial lease agreement[1] for "Unit D," for a period of two years. The agreed upon monthly rental amount was $1,800.00, to be paid on the first of the month. The lease included an option to renew for an additional two years. There was also a hold over provision [Paragraph #29] where the defendant became a month-to-month tenant under the same terms and conditions of the written lease.
Paragraph #3c of the lease required the defendant to pay a $50.00 service charge and one and one-half percent (1-1/2%) interest per month after a fifteen day delinquency. Paragraph #4 required the defendant to pay a percentage of the taxes.
Paragraph #33 of the lease required that all amendments be in writing. Nevertheless, the parties agreed to the following changes, not reduced to writing: First, that as of January 1996, the monthly rental amount would be lowered to $1,666.00, and second, that the defendant could pay large amounts periodically, rather than the set monthly amount on the first of each month.
The defendant occupied the premises from August 1993 through May 2001. By "estoppel letter" dated May 18, 1999, the plaintiff notified all of the tenants, including the defendant, that the property had been sold, and the closing was scheduled for May 20, 1999. The plaintiff also attached a letter to the defendant which included an apology for the short notice, a request to correct any discrepancies, and a request to initial any changes.[2]
The defendant admitted that he did not make the payments in accordance with the agreement. The defendant explained that he had not made the payments because he had lost a major account with Stop and Shop. Furthermore, the defendant stated that he believed that he did not have to make the payments because the plaintiff had agreed to the non payment in a telephone conversation. The court does not find this explanation credible. The more credible explanation is that the defendant did not have to pay the $1,666.66 on the first of each month but was permitted to pay large amounts periodically.
The defendant also believes that he does not have to pay because Paragraph #3 of the estoppel letter[3] stated that neither party was in default under the lease. However, Paragraph #3 also stated proved that there is no defense, offset claim, or counterclaim in favor of the defendant against the plaintiff under the lease, or against the obligations of the defendant under the lease. Furthermore, Paragraph #5 of the letter stated the following: that the base or minimum rent due was CT Page 5521-q $1,666.66 and had been paid through March 31, 1997; that $42,899.79 was due for rent and $486.04 for taxes, that the defendant had a security deposit in the amount of $1,800; and that there was a month-to-month lease.
The plaintiff stated at trial that the amount owed for unpaid rent is $40,260.85. Given the payment pattern between the parties the court finds that $40,260.85 is the amount owed for rent and $486.04 for taxes.
The defendant, Fontaine Bianche Bakery Inc., changed its name to Fontaine Bianche Bakery, LLC. The parties at trial had placed some emphasis on whether the name had been changed before or after the start of the litigation. No evidence was presented as to the date of filing of the name change with the office of the Secretary of State. The defendant stated that the name change occurred approximately one year prior to his testimony of October 19, 2001, making the date of the change October 2000. A review of the Marshal's return in the file showed that the notice of the application for prejudgment remedy was served on April 25, 2000. Attached to the notice was an unsigned copy of the writ summons, and a three count complaint. The defendant was served with the four count complaint on March 28, 2001, the added count being successor liability. The name change therefore occurred after the start of the legal proceedings.
 I DISCUSSION
1. UNPAID RENT AND TAXES
The defendant, by agreement, was required to pay a monthly rent in the amount of $1,666.66. By subsequent agreement, the defendant was permitted to pay the rent periodically, in large sums. The defendant admitted to not paying the amounts owed. The court is not persuaded that the plaintiff had agreed that the defendant did not have to pay. He did not have to pay $1,666.66 on the first of each month but was not excused from paying at all.
The defendant occupied the premises from August 1993 to May 2001, and the plaintiff owned the premised until May 1999. The defendant therefore owes the plaintiff $40,260.85 in unpaid rent and $486.00 in unpaid taxes for a total of $40,746.89. CT Page 5521-r
2. INTEREST AND SERVICE CHARGES
Connecticut General Statutes § 37-3a permits interest at the rate of ten percent (10%) and no more, per year, in a civil action. Paragraph 3c provides for interest at the rate of one and one-half percent (1-1/2%) per month or eighteen percent (18%) per year: Eighteen percent is in excess of the statutory amount permitted. The plaintiff is awarded interest at the rate of ten percent (10%) per year on the past due rent, from April 1, 1997 to May 1999, in the amount of $8,828.30.
Paragraph 3c provided for a $50.00 service charge on any rent past due after fifteen days. However, the parties changed the terms. The change permitted the defendant to pay large amounts periodically. This change altered the due date, making it impossible to determine which months were fifteen (15) days past due. No amount is awarded for service charges.
3. UNJUST ENRICHMENT
Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a "single complaint." (Internal quotation marks omitted.) Danko v. Redway Enterprises, 254 Conn. 369, 379; 757 A.2d 1064
(2000).
In this case, there was a written lease agreement for a period of two years. Paragraph #29 provided for a hold-over under the same terms and conditions on a month-to-month lease. The parties modified the terms as to the monthly rental amount and the payment schedule.
Paragraph #22, Default, provided for the collection of unpaid rent and reasonable attorney's fees. As there is an adequate remedy under the contract for failure to pay amounts due the plaintiff is not entitled to damages based on unjust enrichment.
4. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
Every contract carries an implied covenant of good faith and fair dealing, requiring neither party do anything that will injure the right of the other to receive the benefits of the agreement." "Bad faith means more than mere negligence, it involves a dishonest purpose." (Internal citations omitted.) Gupta v. New Britain General Hospital, 239 Conn. 574,578, 687 A.2d 111 (1976). CT Page 5521-s
In this case the defendant has admitted to the non payment of rent. He stated that the reason for the non payment was the loss of the account with Stop and Shop. The defendant also believed that the plaintiff had agreed to the non payment. The parties had fallen into a pattern where the defendant offered and the plaintiff accepted large amounts periodically.
The defendant's failure to pay the sums due appears to be the result of modification for the written agreement and different interpretation of the "estoppel letter' rather than a dishonest purpose. The plaintiff therefore failed to prove that the defendant breached a duty of good faith and fair dealing.
5. SUCCESSOR IN INTEREST LIABILITY
A successor corporation is not liable for the debts and liabilities of its predecessor unless the purchaser is a mere continuation of the Seller . . . Ricciardello v. W. Grant and Company et.al., 717 F. Sup. 56, 58
(1989). One of the exceptions to the general rule of non liability is the continuity of enterprise theory Cyr v. Boffen and Co., Inc. 501 F.2d 1145
[CA 11974]. To determine whether there is the continuity of an enterprise, one should evaluate whether there is continuity of the following: Management, personnel, physical location, assets and general business operation. It must be a continuation of the corporate entity rather than mere continuation of the business. Travis v. Harris Corp.,565 F.2d 443, 447 [7th Cir. 1977].
Salvatore Parafati was the sole owner of Fontaine Bianche Bakery Inc., and the only officer in the business. The business was located at 50 Budney Road, Unit D, Newington, Connecticut. Mr. Parafati managed the business and was in charge of the general business operation. Mi. Parafati changed the name to Fontaine Bianche Bakery, LLC.
Salvatore Parafati was the sole owner of Fontaine Bianche Bakery, LLC and the only officer in the business. The business was located at 50 Budney Road, Unit D, Newington, Connecticut until May 2001. The present location of the business was not disclosed, but it is still being operated by Mr. Parafati. Mr. Parafati manages the business and is in charge of the general business operation. The business acquired a new client, one of the Casino's.
The defendant changed the legal status of the business from Inc., to LLC. However, the business continued the same as before the change. CT Page 5521-t Fontaine Bianche Bakery LLC has a common identity with Fontaine Bianche Bakery Inc. There is continuity as to ownership, physical location until May, 2001, assets and general business operation. Salvatore Parafati had complete control over the business Fontaine Bianche Bakery, Inc., and has complete control over the business Fontaine Bianche Bakery LLC.
As Fontaine Bianche Bakery LLC is a continuity of the enterprise Fontaine Bianche Bakery Inc., it is the successor in interest and is therefore liable.
6. PIERCING THE CORPORATE VEIL
It is a basic rule of pleading that the "allegation of a complaint provide the measure of recovery." Antonofsky v. Goldberg, 144 Conn. 594,599, 136 A.2d 338 [1957], Bushness Plaza Development Corporation v.Fasano, 38 Conn. Sup. 683, 687 (1983). The fundamental purpose of the pleading is to give notice to the other side . . . and the right to recover is limited to the allegations in the Complaint." Willametz v.Guida Seibert Dairy Co., 157 Conn. 295, 254 A.2d 473 [1968]. Any judgment to be adequate . . . must confirm to the pleadings, the issues and the claims for relief. Verraster v. Tynan, 52 Conn. 645, 648 211 A.2d 150
(1965). Brill v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262, (1970).
In this case the plaintiff did not include "Piercing the Corporate Veil" in its pleadings. The first time the plaintiff asserted the claim was during summation. As the plaintiff did not assert the claim in its complaint and raised it only in summation, the court declines to apply the exceptional remedy of "Piercing the Corporate Veil." Therefore, the defendant is not personally liable.
7. ATTORNEY'S FEES AND COSTS
Each party to litigation must bear his or her own litigation costs, including attorney's fees, unless an . . . award is authorized by lease or statute. Gino's Pizza of East Hartford v. Kaplan, 193 Conn. 135,475 A.2d 305 (1984). Paragraph #22 of the lease, the terms and conditions of which applied in the carry-over provision (Paragraph #29) authorized reasonable attorney's fees for the collection of unpaid rent.
The plaintiff is awarded reasonable attorney's fees in the amount of $5000 plus costs. CT Page 5521-u
 II CONCLUSION
The defendants Fontaine Bianche Bakery Inc., and Fontaine Bianche Bakery, LLC as successor in interest, are liable for unpaid rent plus interest, unpaid taxes, attorney's fees and costs.
The defendant, Salvatore Parafati, is not personally liable.
The defendants are ordered to pay the plaintiff damages in the amount of $48,261.23 as follows:
 Unpaid rent: April 1997 — May 1999 $40,746.89 Interest 10% annually, April 1997 — May 1999 [$4,074.68 annually; $339.55 per month] 26 months x $339.55 8,828.30
 Unpaid taxes 486.04
$50,061.23 Minus credit for security deposit - 1,800.00
$48,261.23
The defendants are also ordered to pay attorney's fees in the, amount of $5,000.00 plus costs.
Crawford, J.