## WASHINGTON CEDAR AND FIR PRODUCTS COMPANY *vs.* JOSEPH H. ELLIOTT.

First Judicial District, Hartford, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While a mere salesman on commission has, as such, no authority to accept payment for goods sold, he may nevertheless be clothed with apparent authority by his principal to receive payment in a particular case, and by a check payable to the salesman's own order.

In the present case the defendant bought a carload of shingles of the plaintiff, a corporation located in Seattle, through its salesman, and later mailed his check therefor to the plaintiff's order for the price. This check, upon presentation at the home bank, was protested for lack of funds, whereupon the plaintiff telegraphed the defendant asking him whether, and in what way, he had arranged to protect his check, to which the defendant replied asking for the return of the check to the bank. Thereupon the plaintiff telegraphed: "Make new draft or check and deliver Phillips [the salesman] to-day. Will mail protested check direct on receipt." At the same time the plaintiff directed its salesman to see the defendant and get the check, and the defendant, believing that he was acting under the plaintiff's instructions, delivered a check to the salesman payable to his order, which the latter appropriated to his own use. *Held* that the question whether the plaintiff had, intentionally or not, clothed its salesman with such an apparent authority that a man of ordinary prudence, acting in good faith, might reasonably rely on that appearance of authority, was one of fact for the jury; and that the trial court erred in directing a verdict for the plaintiff upon the ground that the telegram quoted did not, as matter of law, authorize the defendant to make his check payable to the salesman's order, and in treating that as the only question in the case.

Declarations of the salesman, that it made no difference whether the check was drawn to his order or the plaintiff's, are not admissible in evidence for the purpose of proving the extent of his apparent authority.

Argued January 2d—decided February 21st, 1917.

ACTION by the payee against the maker of a bank check to recover its amount, brought to the Superior Court in Windham County and tried to the jury before

*Reed, J.;* the trial judge directed a verdict for the plaintiff, and from the judgment thereon the defendant appealed. *Error and new trial ordered.*

In this action to recover the agreed price of a carload of shingles, the defendant pleaded payment, and the court directed a verdict for the plaintiff. The material facts were not disputed.

Plaintiff is a corporation located in Seattle, Washington, where it is engaged in the sale of lumber products. The defendant is a retail lumber merchant in Pomfret. Plaintiff employed one Phillips as a local salesman on commission, and in February, 1914, the defendant, as the result of a telephone conversation with Phillips, bought a carload of shingles from the plaintiff at the agreed price of $435.50, payable sixty days from receipt of the shingles. They were received in due course, and on May 22d the defendant mailed to the plaintiff a check for the agreed price, drawn upon the Windham County National Bank. On June 3d the check was returned and presented for payment, and was protested for lack of funds; and the plaintiff, on receiving notice of the protest, telegraphed the defendant asking whether, and in what manner, the defendant had arranged to protect his check. Defendant telegraphed back under date of June 8th asking that the check be returned to the bank, and received the following telegraphic reply, dated June 10th: "Make new draft or check and deliver Phillips to-day. Will mail protested check direct on receipt." At the same time the plaintiff directed Phillips to see the defendant and get the check. On June 12th Phillips called on the defendant at his home and demanded another check for the original debt plus protest fees, and the defendant, believing that he was acting under the plaintiff's instructions, delivered to Phillips a check for $437.79 payable to Phillips' order. Up to that time the defendant had

never seen Phillips. Phillips had the check certified, appropriated the proceeds to his own use, and the plaintiff has never received any part of the same.

*Charles L. Torrey,* for the appellant (defendant).

*Charles E. Searls,* for the appellee (plaintiff).

BEACH, J. The trial court directed a verdict for the plaintiff on the theory that the only question in the case was as to the proper construction of the plaintiff's telegram of June 10th; that this was a question of law for the court; and that the telegram, when properly construed, did not authorize the defendant to make the check payable to Phillips' order.

We think the trial court erred in not taking into account the question whether the plaintiff had, by its conduct, interpreted in the light of the surrounding circumstances known to it, conferred upon Phillips an apparent authority to accept a check drawn to his own order. In his capacity as a salesman on commission, Phillips had no authority to accept payment for goods sold; but in demanding and receiving this check Phillips was no longer acting under his original limited authority as a salesman. He was acting under a special authority given him for that purpose, which evidently authorized him not only to take the check into his own hands, but to deal with it in some way for the purpose of protecting the plaintiff against a second protest for lack of funds. It was obvious that he might do this in any one of three ways: by cashing the check and remitting the proceeds to his principal, by promptly depositing it in bank to the credit of his principal, or by having it certified and then mailing it to his principal. The plaintiff could have limited Phillips' authority to the last named method of dealing with the check. It did not do so. The defendant was not directed by the

telegram of June 10th to make a duplicate check, or to have the check certified, or to make it to the order of the plaintiff; but simply to make a new check and deliver it to Phillips. The defendant has complied literally with that direction, and it is found that in so doing he acted in good faith. As we said in *Romeo v. Martucci*, 72 Conn. 504, 516, 45 Atl. 1, 99: "'Whether or not a principal is bound by the acts of his agent, when dealing with a third person who does not know the extent of his authority, depends, not so much on the actual authority given or intended to be given by the principal, as upon the question, what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority, from the acts of the principal.' . . . The apparent authority of the agent which thus binds the principal, beyond that actually conferred, must always be deduced from authorized acts of the agent, and from surrounding facts with a knowledge of which the principal is chargeable, and not from the acts of the agent himself in excess of his authority and of which the principal had no notice."

Under this rule, the declaration of Phillips that it made no difference whether the check was drawn to his order or to the order of the plaintiff, was not admissible for the purpose of proving the extent of his apparent authority.

Upon the admissible evidence there was a fair question for the jury whether the plaintiff had, intentionally or not, clothed Phillips with such an apparent authority to accept payment for the shingles by a check drawn to his own order, that a man of ordinary prudence acting in good faith might reasonably rely on that appearance of authority.

There is error and a new trial is ordered.

In this opinion the other judges concurred.