42

BAUMERT-MORAN SALES COMPANY, INC. *v.* RED BIRD
TRUCK RENTAL CORPORATION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 13—decided November 7, 1961

*Lewis J. Somers,* for the appellant (defendant).

*James R. Burton,* with whom, on the brief, was
*Bertlen F. Turner,* for the appellee (plaintiff).

KING, J. The plaintiff owned and operated an automotive repair shop in Hartford. On December 30, 1957, a White truck, No. 9000 T.R., was brought to the shop for repairs. The court found that the truck was owned by the defendant. After the repairs had been completed, the truck was removed. This suit is brought to recover the fair value of the repairs, which was $1036.94.

The first count sought recovery on the ground that the truck was owned by the defendant and the repairs were furnished to the defendant at its request, made through its servant or agent, and constituted a benefit to the defendant, for the fair value of which each party expected the defendant to pay. The second count sought recovery on the ground of apparent or ostensible authority, in that drivers of trucks owned by the defendant had brought them in for repairs on a number of previous occasions, the defendant had always paid for the services when billed by the plaintiff, and consequently the defendant had clothed any driver of one of its trucks with apparent or ostensible authority to bind the defendant for repairs made to that truck. The defendant interposed a general denial. From a judgment for the plaintiff, the defendant appealed, one assignment of error being that the ultimate conclusion that the plaintiff was entitled to judgment was unsupported by the subordinate facts in the finding. Although it is not entirely clear, judgment appears to have been rendered for the plaintiff on each count.

The court found that previous to December, 1957, the defendant had sent various trucks owned by it to the plaintiff for repairs and had always paid the plaintiff when billed, and that the plaintiff knew nothing of any sale or other disposition by the de-

fendant of any of its trucks, was not told to charge the work on the truck in question to any particular person, and assumed that the defendant would pay for the repair work as it had in the past.

The mere fact that a motor vehicle is owned by a person does not suffice to make him liable for the cost of any and all repairs which someone in possession of the vehicle orders made to it. The owner must in some way have requested the repairs to be made, either directly or through an agent. *Butler* v. *Solomon,* 127 Conn. 613, 615, 18 A.2d 685. The finding does not disclose who brought the truck in for repairs, or his connection, if any, with the defendant, or his authority from the defendant. The same is true as to whoever removed the truck after the repairs. There is no finding that the truck ever came back into the possession or control of the defendant or that the defendant ever received any benefit from the repairs. As far as the finding discloses, the truck may have been brought in and taken out by a thief. The subordinate facts are inadequate to support a conclusion of liability under the first count.

Our rule as to apparent or ostensible authority, which was claimed under the second count, is set forth in cases such as *Washington Cedar & Fir Products Co.* v. *Elliott,* 91 Conn. 350, 353, 100 A. 29, and *Fireman's Fund Indemnity Co.* v. *Longshore Beach & Country Club, Inc.,* 127 Conn. 493, 496, 18 A.2d 347. The rule was recently applied in *Presta* v. *Monnier,* 145 Conn. 694, 699, 146 A.2d 404. As already pointed out, there are no subordinate facts in the finding indicating that the defendant, by any action on its part, had clothed whoever brought in or took out the truck with any appearance of authority to act for the defendant in any capacity, or

even that this truck had been previously repaired by the plaintiff for the defendant or had been in the plaintiff's garage. The subordinate facts in the finding are inadequate to support a conclusion of liability on the ground that the defendant had clothed the unidentified person or persons who brought in and took out the truck with apparent or ostensible authority to have the repairs made on behalf of the defendant, or that such person or persons were known to, or had any connection with, the defendant.

We briefly mention two matters of evidence which involve questions which may arise on the retrial. One of the claims made by the defendant was that long prior to the time in question it had sold the truck, under a rental-purchase agreement amounting in effect to a conditional sales agreement, to a trucker from Mount Vernon, New York. The agreement was not admitted into evidence, apparently because the court thought it irrelevant. It was relevant in support of the defendant's denial of ownership and upon a proper foundation would be admissible. See *New Britain Real Estate & Title Co.* v. *Collington,* 102 Conn. 652, 656, 129 A. 780. It would also appear that at least some of the questions asked an employee of the defendant who was in charge of its books should have been admitted under our business entries statute, § 52-180. That the witness was not in the defendant's employ at the time the entries were made did not, in and of itself, render the records incompetent, as the court seems to have thought. See *Orzechowski* v. *Higgins,* 146 Conn. 463, 466, 152 A.2d 510.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.