STANISLAW NOWAK v. CAPITOL MOTORS, INC., ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

66

Argued March 7—decided March 18, 1969

*Robert G. Menasian,* for the appellant (plaintiff).

*George Levine,* for the appellees (named defendant et al.).

KING, C. J.  The plaintiff, who spoke and understood only Polish, decided to purchase an automobile. He first met Olga Boyko, hereinafter for convenience referred to as Olga, on the morning of March 10, 1962, in a restaurant, heard her speaking both Polish and English, and asked her to accompany him as an interpreter in his negotiations for the purchase of a car, which she agreed to do.  That same morning, the plaintiff and Olga went to the used car department of the named defendant, hereinafter referred to as the defendant, a new and used car dealer in Hartford.

Upon their arrival, they were waited on by the defendant Harold P. Dressler, an employee of the

defendant in its used car department. Dressler had never before met either the plaintiff or Olga. Olga proceeded to tell Dressler that she and the plaintiff were going to get married and that they were looking for a car to purchase. As a result of their negotiations, the plaintiff signed a purchase order for a 1957 Plymouth, priced at $695, and paid a $5 deposit. Later that same day, the plaintiff and Olga returned, and he made an additional deposit of $100 on the car. Olga told Dressler that the plaintiff had no operator's license, which was true, and that she herself had an operator's license, which was not true. She also stated where the plaintiff was employed and that she was employed by the Underwood Company.

Dressler told them to return on March 16, when the instalment purchase contract and note would be ready for execution, whereupon they left together. The defendant verified the fact that the plaintiff was gainfully employed at the Atlantic Machine and Tool Company and that he had over $800 in a savings account in a Hartford bank. Considering this information adequate, the defendant did not check Olga's claimed employment, although in fact she was not employed by Underwood.

On March 16, the plaintiff and Olga went to the defendant's place of business, and the plaintiff signed the instalment sales contract and note. Upon execution of the papers, the car was registered in the plaintiff's name, and a $50 deductible collision policy was issued to him.

The plaintiff and Olga left together after Olga told Dressler that the plaintiff had to go to work but that she would return and take delivery of the car. Later that day, Olga did return, took delivery of the car, and drove a short distance out onto Main Street, in

Hartford, where she became involved in several relatively minor collisions with other motor vehicles which resulted in suits being brought against the plaintiff.

These suits were settled by the plaintiff through his attorney. The present action seeks recovery of the settlement payments and of the plaintiff's payments for disbursements, for the attorney's fee incident to the settlement of the suits and for the damage to the plaintiff's own car.

The ground of liability stated in the complaint was that the defendant, through its agent, Dressler, without the knowledge or permission of the plaintiff, wrongfully or negligently and carelessly delivered the Plymouth to Olga, an unlicensed driver, who in turn wrongfully took delivery and carelessly and negligently collided with and damaged the cars of the third persons, which in turn made necessary the settlement payments and brought about the other losses claimed by the plaintiff.

Service could not be made upon Olga, who was named as a defendant. She did not appear, and as a consequence no judgment could be, or was, rendered against her. From a judgment in favor of the defendants Capitol Motors, Inc., and Dressler, the plaintiff appeals. The plaintiff assigns no error in the subordinate facts of the finding. But he does assign as error that (1) the critical ultimate conclusions set forth in the finding are unsupported by the subordinate facts and (2) his claims of law were overruled.

The basic claim of the plaintiff is that, although Olga had authority to act as an interpreter for the plaintiff in the negotiations for the purchase of the car, she had no authority to take delivery of the car and that the defendants are liable, because of

their wrongful and negligent act in making delivery of the car to her, for the damages claimed.

The basic conclusions of the court were that the plaintiff had clothed Olga with apparent authority to take delivery of the car, that the defendants made the delivery to her in good faith, in justifiable reliance on that apparent authority, and that under the circumstances the plaintiff had failed to prove a wrongful or negligent delivery to Olga on the part of either defendant.

Our cases make it clear that apparent authority is to be determined, not by the agent's own acts, but by the acts of his principal. And the acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority. *Quint* v. *O'Connell,* 89 Conn. 353, 357, 94 A. 288; *Washington Cedar & Fir Products Co.* v. *Elliott,* 91 Conn. 350, 353, 100 A. 29; *Zazzaro* v. *Universal Motors, Inc.,* 124 Conn. 105, 110, 197 A. 884; *Fireman's Fund Indemnity Co.* v. *Longshore Beach & Country Club, Inc.,* 127 Conn. 493, 497, 18 A.2d 347; *Presta* v. *Monnier,* 145 Conn. 694, 699, 146 A.2d 404; *Baumert-Moran Sales Co.* v. *Red Bird Truck Rental Corporation,* 149 Conn. 42, 44, 175 A.2d 189.

The instant case is unusual in that the plaintiff did not know of the misstatements which Olga made to the defendants, although they were made in his presence, since she spoke in English and he did not understand English. Since, however, he chose her to serve as his interpreter in the negotiations with the defendants and held her out to the defendants as

authorized to act in that capacity, the plaintiff is bound by her statements in the negotiations for the purchase of the car if they were justifiably relied upon by the defendants. Restatement (Second), 1 Agency § 14 E, pp. 68, 69.

The statement of Olga that the plaintiff had no operator's license, which was true, precluded, as a practical matter, the delivery of the car to the plaintiff alone. Her other statements that she and the plaintiff were going to get married and that she had an operator's license, although not true, were given some support by the fact that the two had been together on each of the plaintiff's visits to the defendant's place of business and that she interpreted for the plaintiff throughout the negotiations. Her statement that she would return to take delivery of the car was made while she and the plaintiff were at the defendant's place of business together while she was acting as his interpreter.

The court concluded that the agency to interpret in the negotiations for the purchase of the car by the plaintiff carried no express or implied authority to take delivery of the car but that the plaintiff had so held Olga out to the defendants as to clothe her with apparent authority to accept delivery of the car. The fact that this holding out by the plaintiff had been in part unintentional and due to his inability to understand English and detect Olga's misstatements to the defendants does not make the court's conclusions erroneous as matter of law. The apparent authority to take delivery of the car depended on whether the plaintiff, even though not intentionally, had in fact clothed Olga with such an apparent authority to take delivery of the car that the defendants, acting in good faith and with ordinary prudence, might reasonably rely, and in fact did rely,

on that appearance of authority. *Washington Cedar & Fir Products Co.* v. *Elliott,* supra.

Whether Olga had apparent authority to take delivery of the car was a question of fact, and on the basis of the subordinate facts in the finding the court's conclusion of apparent authority was warranted and cannot be disturbed. Ibid.

There is no error.

In this opinion the other judges concurred.