[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#114)
The plaintiff, Dulara Building and Investment Corporation ("Dulara"), brought this action by a complaint dated December 31, 1991, against the defendant Boston Five Mortgage Corporation ("Boston Five") for intentional misrepresentation, breach of contract and unjust enrichment. A revised complaint dated November 30, 1992 was subsequently filed.
In count one the plaintiff alleges that on or about December 8, 1988, the defendant, through its agent David Wilson, represented to the plaintiff that it was in the process of loaning to, and would loan money to Universal Development Corporation ("UDC"). The plaintiff alleges that UDC was a Connecticut corporation which was engaged in construction at several building sites throughout the State. The plaintiff alleges that funds provided to UDC by Boston Five were to be used to pay for labor and materials the plaintiff supplied to UDC. The plaintiff alleges that Wilson's representation followed a course of conduct that was already implemented by Boston Five in which Boston Five would loan construction funds to the plaintiff for work it was doing on UDC construction sites.
The plaintiff alleges that Boston Five's representation was false and misleading and was made knowingly with the intent to deceive. The plaintiff alleges that it relied on this representation by continuing to order goods, supplies and material, and by performing work and furnishing labor and materials to UDC sites. The plaintiff further alleges that it altered its course of dealings with UDC and its financial position by ordering materials not paid for by the defendant UDC, and by furnishing labor on UDC sites thereby incurring indebtedness. CT Page 2187
The plaintiff alleges that subsequent to December 8, 1988, the defendant ceased loaning money to UDC. The plaintiff alleges that as a result of the defendant's failure to continue to loan funds to UDC, the payments to the plaintiff for labor, materials, and supplies at UDC sites were terminated. The plaintiff alleges that this conduct caused the plaintiff to incur substantial loss, including costs of construction materials, labor and attorney fees.
In the second count the plaintiff alleges that on or about December 8, 1988, Boston Five contracted with the plaintiff to have the plaintiff provide materials, labor and construction supplies for construction sites belonging to UDC. The plaintiff alleges that the terms of the contract provided that the defendant would pay to the plaintiff, or to UDC, payment in full for materials and labor supplied by the plaintiff for UDC construction sites. The plaintiff alleges that subsequent to February 14, 1989, the defendant breached the contract by failing to pay the plaintiff for the materials and labor furnished by the plaintiff to UDC.
In count three, the plaintiff alleges that Boston Five has been unjustly enriched by the furnishing of materials and labor to UDC construction sites. The plaintiff claims the reasonable value of materials and labor allegedly furnished to the defendant.
On December 15, 1992, the defendant filed a motion to strike all three counts of the plaintiff's revised complaint. A memorandum of law accompanied the motion to strike. The defendant filed a memorandum of law in opposition dated December 29, 1992.
"The motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc., 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36,522 A.2d 1235 (1987).
I. Count One: Intentional Misrepresentation CT Page 2188
The defendant argues that count one should be stricken on the ground that the plaintiff fails to allege an untrue representation and a present intent not to perform a promise to act in the future. The defendant argues that the only allegation concerning intentional misrepresentation made by the plaintiff is that on or about December 8, 1988, Boston Five assured the plaintiff that it was "in the process of loaning money to, would loan money to [UDC]. . .". The defendant argues that because the plaintiff has alleged that it was not until February 14, 1989 that Boston Five allegedly stopped making payments, the December 8, 1988 representation that it was in the process of and would continue to loan money to UDC was untrue. The defendant argues that such a representation was true because such funds were in fact loaned until February 14, 1988, according to the plaintiff's allegations.
The defendant also argues that count one should be stricken because the plaintiff fails to allege that Boston Five had a present intent not to fulfill its alleged promise to act in the future at the time the promise was made.
The plaintiff argues that the complaint sufficiently alleges that the defendant's representation was untrue. The plaintiff argues that it is alleged that Boston Five stated it would loan funds to UDC for its building projects for which the plaintiff was a subcontractor and that Boston Five stopped making those loans. The plaintiff argues that this allegation is sufficient to establish a cause of action for misrepresentation and that the motion to strike should not be used to challenge the plaintiff's evidence.
The essential elements of misrepresentation are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act upon it; and (4) that the latter did so act on it to his injury." J. Frederick Scholes Agency v. Mitchell,191 Conn. 353, 358, 464 A.2d 795 (1983), quoting Miller v. Appleby, 183 Conn. 51, 55, 438 A.2d 811 (1981). A cause of action for fraud lies where a promise to do an act in the future is coupled with a present intent not to fulfill that promise. See Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 300,478 A.2d 257 (1984); Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515, 271 A.2d 69 (1970). Fraud does not CT Page 2189 require actual intent to deceive, "[a]n innocent misrepresentation may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 346,232 A.2d 307 (1967).
"Where a defendant has a special means of knowledge, and a plaintiff can under the circumstances attribute to the former accurate knowledge of what is represented, the plaintiff need not show the actual knowledge of the falsity of the representation." J. Frederick Scholes Agency, supra, 358. "An actional misrepresentation, whether made knowingly, recklessly, negligently or innocently, must be made for the purposes of inducing action upon it." Id., 359.
The plaintiff's allegations are sufficient to give rise to a cause of action for intentional misrepresentation. The plaintiff alleges that the defendant stated that it was in the process of loaning and would loan money in the future to UDC. The plaintiff has further alleged that this statement was untrue and known to be untrue by the defendant. The plaintiff also alleged that the statements were intended to deceive the plaintiff and it relied on the allegedly deceptive statements by continuing to supply labor and materials to UDC with the expectation that the loans from Boston Five to UDC would continue. Such allegations satisfy the elements required to state a cause for misrepresentation.
The plaintiff's allegation in count two that Boston Five ceased lending funds to UDC on February 14, 1989, does not render the plaintiff's claim for misrepresentation in count one legally insufficient. The plaintiff alleged in count one that on December 8, 1988, the defendant stated, with the knowledge that such a statement was false, that it would continue to loan, both presently and in the future, funds to UDC. The plaintiff further alleged that on or about December 8, 1988, the plaintiff ceased to loan such funds. It is of little consequence that the defendant may have ceased to provide payments immediately after December 8, 1988 or on February 14, 1989. So long as the plaintiff has alleged that the defendant stated that it would provide funds subsequent to December 8, 1988, with the knowledge that such funds would not be provided, and in fact such funds were not provided, the plaintiff has sufficiently alleged a cause of action for misrepresentation. CT Page 2190
The defendant's argument that the plaintiff's cause of action should be stricken on the ground that the plaintiff failed to allege that the defendant acted with the intent to deceive is without merit. The plaintiff has in fact explicitly alleged that the defendant acted with the intent to deceive in paragraph four of count one. In paragraph four of count one the plaintiff states that the defendant' representation "were made and done knowingly, and with an intent to deceive the plaintiff."
Therefore, for the foregoing reasons, the defendant's motion to strike count one is denied.
II. Count Two: Breach of Contract
The defendant argues that count two, an action for breach of contract, should be stricken on the ground that the alleged contract does not comply with the requirements of General Statutes Sec. 52-550. The defendant argues that General Statutes Sec. 52-550, which codifies the Statute of Frauds, requires that a contract for the purposes of securing, or for the performance of, a duty must be in writing. The defendant argues that because the plaintiff has failed to allege the existence of a written agreement, count two should be stricken.
In addition, the defendant argues that count two should be stricken on the ground that plaintiff has failed to allege that the defendant breached the alleged agreement between the parties. The defendant argues that the plaintiff merely alleges that it did not receive payment for material and labor supplied to UDC.
Finally, the defendant argues that count two should be stricken on the ground that it fails to allege that Wilson had the authority to bind Boston Five to an agreement. The defendant argues that the plaintiff's characterization of Wilson as "agent, employee, and servant" throughout the complaint does not in of itself allege that Wilson had any actual authority to enter into the alleged agreement on behalf of Boston Five.
The plaintiff argues that sufficient allegations have been made to give rise to a cause of action for breach of CT Page 2191 contract. The plaintiff argues that a reading of all the paragraphs of the complaint allege that the defendant agreed to pay the plaintiff in full for materials and labor supplied to UDC construction sites. The plaintiff argues that the defendant's failure to pay the plaintiff constitutes an action for breach of contract. As to the Statute of Frauds, the plaintiff argues that performance in the furtherance of an oral agreement takes the agreement out of the Statute of Frauds. The plaintiff argues that if there is a benefit to the promisor which it did not before and would not otherwise enjoy, and the act is done on its request and credit, this is an undertaking which is not within the statute.
The plaintiff also argues that under the doctrine of part performance, if there are acts done in reasonable reliance on an oral contract, on the continuing assent of the defendant, and can be accounted for in no other way than by the existence of a contract, then the Statute of Frauds is not applicable to the contract.
General Statutes Sec. 52-550(a) states in pertinent part:
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party to be charged:. . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another;. . . or (5) upon any agreement that is not to be performed within one year from the making thereof. . .
"The primary purpose of the statute of frauds is `to provide reliable evidence of the existence and the terms of the contract.'" Jacobs v. Thomas, 26 Conn. App. 305, 310
(1991), citing Heyman v. CBS, Inc., 178 Conn. 215, 221,423 A.2d 887 (1979). The memorandum must include the essential terms of the agreement, but it need not recite the underlying contract; it must only provide reliable written evidence that the parties have come to a complete agreement. Lynch v. Davis,181 Conn. 434, 440-441, 435 A.2d 977 (1980). CT Page 2192
Acts on the part of a promisee may be sufficient to take an oral contract out of the statute of frauds. Ubysz v. DiPietro, 185 Conn. 47, 54, 440 A.2d 830 (1981). As an essential element, "[t]he doctrine of part performance requires. . . conduct that is `referable to and consistent with [an] oral agreement [between the parties].'" Dunham v. Dunham, 204 Conn. 303, 324, 528 A.2d 1123 (1987). The doctrine also requires the court to find that the party seeking enforcement of the agreement: (1) reasonably and substantially relied on the contract; and (2) so changed his position so that injustice can be avoided only by specific enforcement of the agreement. Id., 315.
The plaintiff has failed to allege sufficient facts to give rise to a cause of action for a breach of a written contract. The plaintiff alleges in paragraph three of count two that on or about December 8, 1988 the defendant "contracted with and formed an agreement to have the plaintiff provide materials, labor and construction supplies to construction sites belonging to Universal Development Corporation, . . ." In paragraph six and seven of count two the plaintiff alleges that defendant breached the alleged contract by refusing to pay the plaintiff for material and labor provided to UDC. Although the plaintiff has alleged that a contract existed and that the contract was breached by the defendant, the plaintiff has failed to allege the existence of a written contract which satisfies the statute of frauds codified in General Statutes Sec. 52-550(a).
However, the plaintiff has alleged sufficient facts to give rise to a viable breach of contract action based upon part performance satisfaction of the Statute of Frauds. The plaintiff has alleged that he has engaged in conduct consistent with an oral agreement between the parties. Dunham, supra, 314. The plaintiff has alleged that on December 8, 1988 the defendant entered into an agreement with him in which the defendant agreed to pay either UDC or to him directly for labor and materials provided by the plaintiff. The plaintiff alleged in paragraph six of count two that it engaged in conduct consistent with this agreement by supplying UDC with materials and labor for the benefit of UDC.
In addition, the plaintiff has alleged sufficient facts so that a court may find that the plaintiff reasonably and substantially relied on the contract and changed its CT Page 2193 position so that injustice can be avoided only by specific enforcement of the agreement. Dunham, supra, 314. The plaintiff has alleged that only upon the defendant's representation that funds would be provided to UDC to pay for labor and materials supplied by the plaintiff, did the plaintiff continue to supply both the labor and materials. A court may find that the plaintiff has alleged sufficient facts to indicate that it changed its position based on such representations and that injustice can be avoided only by specific enforcement of the agreement on the ground that both materials and labor have been provided to the defendant without compensation. Therefore, the court finds that the plaintiff having alleged both elements of part performance has alleged sufficient facts to state a cause of action for a breach of contract.
Sufficient facts have been alleged that may establish that Wilson had the authority to enter into a contract on behalf of Boston Five.
Apparent authority has two elements. First, it must appear from the acts of the principal that "the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority. . . ." Nowak v. Capitol Motors, Inc.,158 Conn. 65, 69, 255 A.2d 845 (1969). Second, the party seeking to bind the principal must have acted in good faith reliance on that appearance of that authority. Id.
 Whether or not a principal is bound by the acts of his agent, when dealing with a third person who does not know the extent of his authority, depends, not so much on the actual authority given or intended to be given by the principal, as upon the question, what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority, from the acts of the principal. . .
Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389 (1973).
The motion to strike "admits all facts well pleaded; CT Page 2194 it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos, supra, 108. The plaintiff has alleged throughout its complaint that Wilson was an "agent, employee, and servant" of Boston Five. In addition, the plaintiff has alleged in paragraph two of count one that Wilson was "employed as a commercial loan manager for the defendant." The court, in considering the allegations in a light most favorable to plaintiff, finds that the plaintiff has alleged sufficient facts to indicate that Wilson had the actual authority to enter into an agreement with the plaintiff based upon his position as a commercial loan manager for Boston Five. Therefore, the motion to strike count two is denied.
Also, as a commercial loan manager with Boston Five, the court could find that Wilson had the apparent authority to enter into an agreement with the plaintiff. As a commercial loan manager for Boston Five, as alleged in count one, it might be found that the principal held Wilson out as possessing sufficient authority to enter into an agreement that would assure that UDC, and subsequently the plaintiff, would receive funds for UDC's construction site. The plaintiff's allegations are sufficient for a court to find that the plaintiff acted in good faith in reliance on Wilson's authority.
III. Count Three: Unjust Enrichment
The defendant argues that the plaintiff has failed to allege that Boston Five has been unjustly enriched by the furnishing of materials and labor to UDC's construction site. The defendant argues that the plaintiff has not alleged that Boston Five owned any of the property referred to in the revised complaint. The defendant argues that Boston Five was merely acting as a lender to UDC and that UDC, not Boston Five, received any benefit that existed. Therefore, the defendant argues that count three should be stricken on the ground that the plaintiff has failed to allege that Boston Five was unjustly enriched.
The plaintiff argues that it has alleged that Boston Five had a substantial financial interest in UDC's building sites. The plaintiff argues that it has alleged that it delivered materials and performed labor on those sites, and therefore Boston Five was the beneficiary of such acts. As a result, the plaintiff argues that sufficient allegations have CT Page 2195 been made which give rise to a cause of action for unjust enrichment.
"The right of recovery for unjust enrichment is equitable, `its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff' Schleichler v. Schleichler, 120 Conn. 528, 534,182 A.2d 162 (1935)." National CSS, Inc. v. Stamford,195 Conn. 587, 597, 489 A.2d 1034 (1985). In order for a plaintiff to recover for unjust enrichment, the plaintiff must show "that the defendant was benefitted [benefited], that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff." Burns v. Koellmer, 11 Conn. App. 375, 383,527 A.2d 1210 (1987); Monarch Accounting Supplies Inc. v. Prezioso,170 Conn. 659, 665-66, 368 A.2d 6 (1976).
Sufficient allegations have been made to give rise to a cause of action for unjust enrichment. The plaintiff has alleged in paragraph three of count two, which is incorporated into count three, that the defendant had a "substantial financial interest" in UDC by providing construction finance to UDC. The plaintiff has further alleged that it provided material and labor to UDC construction sites, and that UDC, as result of Boston Five's failure to provide funds to UDC, failed to pay the plaintiff for both the material and labor provided. Finally, the plaintiff has alleged that UDC, and as a result of its alleged substantial financial interest, Boston Five, have failed to pay the plaintiff for both the material and labor to its detriment. Therefore, having found that the plaintiff has alleged the essential elements for a cause of action for unjust enrichment against Boston Five, the motion to strike count three is denied.
It is so ordered that said motion to strike in its entirety is denied.
HIGGINS, J. CT Page 2196