[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The underlying facts of the case are as follows: In 1992, the plaintiff, Town of North Branford ("plaintiff") sought bidders for the job of sanitary and sewer installation/construction within the town of North Branford. Prior to June 26, 1992, the defendant, Peter H. Bove Construction Company, Inc. ("Bove"), submitted a bid for the aforementioned work in the amount of $1,794,790.60. In connection with Bove's bid, Bove provided to the plaintiff a bid bond. Under the terms of such bond the defendant, American Bankers Insurance Company of Florida ("American Bankers") bound themselves to the plaintiff to the effect that if the Bove failed to (1) furnish a bond for his faithful performance of the construction contract, contemplated by Bove's bid for the project, and/or (2) failed to furnish a bond for the payment of all persons performing labor or furnishing materials in connection therewith, and/or (3) filed in any other respect to perform the agreement created by the acceptance of Bove's bid by the plaintiff, then American Bankers would act as surety for Bove's obligations, to the extent of one hundred-seventy thousand dollars. On June 26, 1992, the plaintiff accepted Bove's bid. CT Page 7766
On September 18, 1992, Bove submitted documents to the plaintiff in the form of performance and payment bond ("bonds"). The defendant, Firemen's Insurance Company ("Fireman's") was the surety for such bonds. The bonds were issued by Patrick C. Schooley ("Schooley"), an insurance agent at Firemen's. Schooley, who is not a party to this action, allegedly issued the bonds without prior authorization from a Fireman's field office, as required by Fireman's. As a result, Fireman's contends that the bonds that were issued to the plaintiff were unauthorized and fraudulent. On the strength of this contention Firemen's unilaterally rescinded the bonds by notifying the plaintiff that it would not honor its obligations thereunder.
As a result of Fireman's unilateral rescission of its bonds, the plaintiff now alleges that Bove has failed to live up to the terms of the agreement with it because Bove failed to timely provide legitimate performance and payment bonds to the plaintiff. Accordingly, the plaintiff alleges that it was required to award the contact to the next lowest bidder. The second lowest bid was allegedly $152,904.90 higher than the bid submitted by Bove, and the plaintiff has allegedly been damaged in such amount. The plaintiff allegedly made a demand on Bove for $152,904.90, and Bove has allegedly refused to pay such amount to the plaintiff.
On February 25, 1993, the plaintiff filed a three count complaint against the defendants Bove, Fireman's and American Bankers. The Plaintiff seeks recovery against all three defendants in the amount of $152,904.90, naming one defendant in each count of the complaint. On April 13, 1993, Fireman's filed an answer to the plaintiff's complaint. On May 10, 1993, American Bankers filed an answer to the plaintiff's complaint and one special defense. In such special defense American Banker's asserts that they were released from their obligation under the bid bond after Fireman's rendered its bonds to the plaintiff. On June 15, 1993, Bove filed an answer to the plaintiff's complaint.
On June 28, 1993, Fireman's filed a motion for summary judgment as to count three of the plaintiff's complaint which is asserted against it. Included with Fireman's motion is a memorandum, a copy of a deposition and a copy of the aforementioned bonds. On July 22, 1993, American Banker's filed a memorandum in opposition to Fireman's motion for summary judgment. American Bankers included eleven exhibits with its CT Page 7767 memorandum. Also on July 22, 1993, Bove submitted a memorandum land a copy of a deposition in opposition to Fireman's motion for summary judgment. On July 26, 1993, the plaintiff filed an objection to Fireman's motion for summary judgment, a memorandum and a copy of an affidavit. Firemen's has now submitted a reply memorandum in support its motion for summary judgment.
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" see [See] Gurliacci v. Mayer, 218 Conn. 531, 561,590 A.2d 14 (1991). In deciding a summary judgment motion "the trial court must view the evidence in the light most favorable to the non-moving party." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Assoc., 219 Conn. 772, 595 A.2d 334
(1991). To succeed with the motion "[t]he movant must show that it is quite clear what the truth is, and that [it] excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988). A defendant may file an objection to a motion for summary judgment filed by a codefendant. See Chasin v. Wirth, 6 Conn. L. Rptr. 390 (May 4, 1992, Katz, J.).
In support of its motion for summmary [summary] judgment as to the third count of the plaintiff's complaint, Fireman's maintains that no genuine issue of material fact exists as to the plaintiff's lack of reliance on the fraudulent bonds that are the basis of the plaintiff's claim against it. Fireman asserts that in the absence of such reliance no claim can be made against it because there was no apparent authority between Schooley, the Fireman's agent who issued the bonds, and Fireman's. Accordingly, Fireman concludes that because Schooley had no authority to enter into an agreement on its behalf, it can not be liable for repudiating its obligation under the bonds. In opposition to Fireman's motion for summary judgment the plaintiff and the two remaining defendants, American Bankers and Bove, maintain that a genuine issue of material fact remains as to CT Page 7768 whether Schooley did have the apparent authority to enter into an agreement on behalf of Fireman's.[1]
"[A]pparent authority is to be determined, not by the agent's own acts, but by the acts of his principal." Nowak v. Capitol Motors, Inc., 158 Conn. 65, 69, 255 A.2d 845 (1969). Further, "the acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent has the necessary authority." (Emphasis added.) Id., supra, 69; see also Baumert-Moran Sales Co. v. Red Bird Truck Rental Corporation,149 Conn. 42, 44, 175 A.2d 189 (1961); Munson v. United Technologies Corporation, 28 Conn. App. 184, 188-89, 609 A.2d 1066 (1992). "`Apparent authority is that semblance of authority which a principal, through his own acts or inadvertence, causes or allows third persons to believe his agent possesses.'" Beckenstein v. Potter Carrier Inc., 191 Conn. 120, 141, 464 A.2d 6 (1983); see also Norwalk v. Board of Labor Relations, 206 Conn. 449, 450,538 A.2d 694 (1988). "Courts have developed the doctrine of apparent authority `to protect under proper circumstances, a third person in his dealings with an agent who lacks express authority.'" Edart Truck Rental Corporation, 23 Conn. App. 137,140, 579 A.2d 133 (1990), citing Keeler v. General Products, Inc., 137 Conn. 247, 251, 75 A.2d 486 (1950). "The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all the surrounding circumstances." (Emphasis added.) Lettieri v. American Savings Bank, 182 Conn. 1, 9, 437 A.2d 822 (1980).
Genuine issues of material fact exist as to whether both elements of the apparent authority standard, as set out in Nowak, supra, 69, have been satisfied. First, the town manager for the town of North Branford, Frank Connolly, in his affidavit attached to the plaintiff's objection to Fireman's motion for summary judgment, states that:
 [O]n September 18, 1992, the defendant, Bove, submitted a Performance and Payment Bond in the sum of $1,794,790.60, with Fireman's Insurance Company of Newark, New Jersey as surety. Attached to such Bonds was a General Power of Attorney which by its terms authorized its agent, Patrick Schooley to execute and CT Page 7769 deliver bonds and undertakings, and that the same were valid undertakings, and that the same were valid undertaking of said Fireman's Insurance Company of Newark New Jersey. A copy of the Bonds and General Power of Attorney are attached hereto as Exhibit B and Exhibit C, respectively. . . . [A]t no time prior to September 22, 1993, did I have reason to believe that the General Power of Attorney authorizing Patrick Schooley to execute bonds on behalf of Fireman's Insurance Company of Newark, New Jersey was not valid[.]
(Emphasis added.) (See Plaintiff's Objection to Motion for Summary Judgment, Affidavit of Frank Connolly, p. 2). A genuine issue of material facts exists as to whether Fireman's held Schooley out as possessing sufficient authority to execute and deliver bonds on behalf of Fireman's.
Second, Connolly states that "as of the date of the submission of the Bonds, . . . September 18, 1992, the Town and its agents in good faith believed that said bonds were validly issued and were what they purported to be." (Emphasis added.) Id. supra, p. 3. Another genuine issue of material fact exists as to whether the plaintiff dealing with the agent Schooley, acted in good faith, and reasonably believed, under all the circumstances, that the agent had the necessary authority to execute and deliver said bonds.
Accordingly, genuine issues of material fact exist as to whether Schooley had the apparent authority to execute and deliver bonds on behalf of Fireman's. If it is later determined that Schooley did have such authority, Fireman's could be held liable to the plaintiff under the claim asserted in count three of the plaintiff's complaint. Therefore, Firemen's motion for summary judgment as to count three of the plaintiff's complaint is denied.
Howard F. Zoarski, Judge