[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Town of North Branford, filed suit February 25, 1993 against the following defendants: Peter H. Bove Construction, Inc. ("Bove Construction"), Firemen's Insurance Company of Newark, New Jersey ("Firemen's"), and the American Bankers Insurance Company of Florida ("American Bankers").
On February 25, 1993, the plaintiff filed a three-count complaint against the defendants. The plaintiff seeks recovery against all three defendants in the amount of $152,904.90, naming one defendant in each count of the complaint. In the first count, the plaintiff alleges that Bove Construction failed to live up to the terms of its agreement with the plaintiff in that it failed to CT Page 8752 timely provide legitimate performance and payment bonds in accordance with its bid for sanitary sewer installation and construction. In the second count, the plaintiff alleges that American. Bankers, as Bove Construction's surety, is liable to the plaintiff pursuant to its obligations under the bid bond. In the third count, the plaintiff alleges that Firemen's, as Bove Construction's surety, is liable to the plaintiff pursuant to its obligations under the payment and performance bonds.
The plaintiff was accepting bids for the job of sanitary sewer installation/construction within the Town of North Branford. Bove Construction submitted a bid for the work in the amount of $1,794,790.60. In connection with its bid, Bove Construction provided a bid bond to the plaintiff wherein American Bankers would act as surety for Bove's obligations to the extent of $170,000 if Bove (1) failed to furnish a bond for his faithful performance of the construction contract, and/or (2) failed to furnish a bond for the payment of all persons performing labor or furnishing materials in connection therewith, and/or (3) failed in any other respect to perform the agreement created by the plaintiff's acceptance of Bove's bid. On June 26, 1992, the plaintiff accepted Bove Construction's bid on the condition that Bove Construction provides payment and performance bonds.
On September 18, 1992, Bove Construction submitted documents purporting to be payment and performance bonds to the plaintiff in the amount of $1,794,790.60. Firemen's was the surety for such bonds. The bonds were issued by Patrick Schooley ("Schooley"), Firemen's insurance agent, who had a general power of attorney to issue bonds subject to obtaining prior authorization from Firemen's field office. Schooley allegedly issued the bonds without prior authorization from Firemen's field office. As a result, Firemen's notified the plaintiff that it would not honor the payment and performance bonds issued by Schooley because the bonds were unauthorized and fraudulent. On September 28, 1992, Firemen's unilaterally rescinded the bonds. As a result of Bove Construction's failure to timely provide these bonds, the plaintiff claims that it was forced to accept another contractor's bid, which was $152,904.90 higher than the bid submitted by Bove Construction.
On April 23, 1993, Firemen's filed an answer to the plaintiff's complaint. On May 10, 1993, American Bankers filed an answer to the plaintiff's complaint and one special defense. On June 15, 1993, Bove Construction filed an answer to the plaintiff's complaint. CT Page 8753
On June 28, 1993, Firemen's filed a motion for summary judgment as to count three of the plaintiff's complaint which is asserted against it. On July 22, 1993, Bore Construction and American Bankers filed objections to Firemen's motion for summary judgment. On July 26, 1993, the plaintiff filed an objection to Firemen's motion for summary judgment. On August 25, 1993, the undersigned filed his memorandum of decision in which the court denied Fireman's motion for summary judgment on the ground that there are genuine issues of material fact in this case.
On September 3, 1993, Firemen's filed a motion to reargue its motion for summary judgment. On September 10, 1993, American Bankers filed an objection to Firemen's motion to reargue its motion for summary judgment.
"[A]lthough it maybe true that no statute or trial court rule of practice specifically authorizes the filing of a motion to reargue following the rendering of judgment, it has long been recognized to be within the inherent power of the trial court to determine whether such a motion should be considered, and, if so, to act on the motion." K.A. Thompson Electric Co. v. Wesco, Inc.,24 Conn. App. 758, 759, 591 A.2d 822-23 (1991); see Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 125 A.2d 488 (1956).
A motion for summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987); Practice Book 384. The test for deciding whether to grant a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 596 (1969).
Firemen's argues that the court should grant its motion to reargue because the court erred in denying its motion for summary judgment. Firemen's claims that the court misconstrued the second prong of the doctrine of apparent authority test as requiring only good faith reliance by a third party. As a matter of law, Firemen's contends that the doctrine of apparent authority purportedly requires a showing of detrimental reliance on the part of the moving party. In this case, Firemen's states that there is no evidence in the record to suggest that the Town of North CT Page 8754 Branford suffered a detriment as a result of its reliance on the validity of the bonds. Therefore, Firemen's argues that there is no genuine issue of fact regarding Firemen's liability under the doctrine of apparent authority. Accordingly, the court should grant its motion to reargue its motion for summary judgment.
In its objection to Firemen's motion to reargue, American Bankers argues that the court should only entertain the motion to reargue if the prior decision was clearly erroneous in that the court had misapplied the law and manifest injustice would result if the decision is left undisturbed. American Bankers argues that the court did not misapply the second prong of the doctrine of apparent authority test. According to American Bankers, the second prong requires only a good faith belief by a third party that an agent possessed the requisite authority, not detrimental reliance by a third party.
"[A]pparent authority is to be determined, not by the agent's own acts, but by the acts of his principal." Nowak v. Capitol Motors, Inc., 158 Conn. 65, 69, 255 A.2d 845 (1969). Under the doctrine of apparent authority, "the acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority." (Citations omitted.) Id., 69; Munson v. United Technologies Corp., 28 Conn. App. 184, 188-89,609 A.2d 1066 (1992). "`Apparent authority is that semblance of authority which a principal, through his own acts or inadvertence, causes or allows third persons to believe his agent possesses.'" Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 141,464 A.2d 6 (1983). "The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all the surrounding circumstances." (Emphasis added.) Lettieri v. American Savings Bank, 182 Conn. 1, 9, 437 A.2d 822
(1980).
In the present case, the court denied Firemen's motion for summary judgment on the ground that there are genuine issues of fact as to whether Firemen's held out Mr. Schooley, its agent, as having the authority to execute the bonds, and, if so, whether the Town relied in good faith on Mr. Schooley as having the necessary authority to execute and deliver said bonds. As stated above, "the issue of apparent authority is one of fact." Lettieri v. American CT Page 8755 Savings Bank, supra, 9. Therefore the motion for summary judgment was properly denied on the ground that there are genuine issues of material fact in this case.
In denying Fireman's motion for summary judgment, this court did not misconstrue the second prong of the test of apparent authority. Under the second prong of the test, the doctrine of apparent authority requires only good faith reliance by the third party seeking to bind the principal, not detrimental reliance. Nowak v. Capitol Motors, Inc., supra, 69; Lettieri, supra, 9.
The defendant's motion to reargue is denied
Howard F. Zoarski, Judge