[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has commenced this action seeking to foreclose a mechanics lien and to recover money damages from the defendant's Mark J. Mamula and Ann S. Mamula the owners of property located in Madison Connecticut.
The plaintiff alleges in its complaint that it rendered services in the construction of the defendant's house based upon orders placed by the defendants and invoices which were signed by Thomas Forte and/or Collandrea General Contracting Inc., which they signed personally as the agent for the defendants. CT Page 10228
The evidence has established the defendant's Mark J. Mamula and Ann S. Mamula on May 26, 1994, entered into a contract with Thomas Forte d.b.a. Collandrea General Contractors, for the construction of a house on property of the defendants. Thomas Forte as the general contractor then contracted with sub contractors, including the plaintiff to perform work in the construction of the house.
In the spring of 1994 Forte contracted with the plaintiff to clear the site for construction, and on December 23, 1994 he again contracted with Forte to do more site work on the property which related to the sloping of the land directly behind the house. The plaintiff then performed services between December 23, 1994 and January 19, 1995 to remove a portion of the slope behind the house which required the removal or rock and fill. The work was performed under the control and direction of Forte as the general contractor. Upon completion of the work a bill was given to Forte as the general contractor, for the sum of $15,000.00.
The plaintiff never signed a waiver of lien, and the plaintiff when it was not paid, filed a mechanics lien against the defendants property, which is now the basis of this claim against the defendants. On December 29, 1995 the plaintiff filed a complaint with the Madison Police Department stating that Forte had forged its name on the waiver of lien, and the amount owed for the work by Forte was about $15,000.00
The defendants never contracted with the plaintiff which was a sub contractor of Forte, the general contractor. The plaintiff had entered into a verbal agreement with Forte regarding the site work. The scope of the work was not specifically defined and the agreement with Forte related to payment. Forte was in control of the nature and extent of the work to be performed.
On or about February 10, 1995 the defendants discharged Forte as the general contractor for a breach of contract in failing to complete the construction of the house, and failing to pay the subcontractors. The defendant then contracted with a new general Contractor to complete the construction of the house. The defendants expenses to complete the house then exceeded the original contract price by $35,112.34.
On April 16, 1996 the plaintiff brought this suit against the defendants claiming they rendered the services and material to the defendants, and Forte acted as agent for them in ordering the CT Page 10229 work performed by the plaintiff. Prior to trial the plaintiff stipulated its claim was the sum of $11,235.00 for work related to the construction of a stone wall a and the removal of a slope and ledge in the rear of the property.
A pertinent portion of the contract between the defendants and Forte d.b.a. Collandrea General Contractors, as it related to this dispute provided in paragraph 3 that "any additions or deletions will be written stating change and charge or credit at the time of change and a copy of same given to owner. Any extras shall be paid to contractor prior to work being performed" this provision required Forte who was in control of the deposited work, to comply with the provision to make the defendants liable for this work if it was to be treated as an extra. Therefore under the contract the defendants are not liable to pay for this work as an extra cost under the contract.
The plaintiff also contends that Forte as the general contractor was acting as the agent of the defendants when he ordered the work to be performed by the plaintiff. The evidence has failed to establish the defendants ever granted real or express authority to Forte to act as their agents. There also were no acts by the defendants by which apparent authority could be determined that Forte could bind the defendants as principals in dealing with the plaintiff. Norwalk v. Capital Motors Inc.,158 Conn. 65, 69 the course of conduct of the defendant's in their dealings with the employees of the plaintiff does not lead this court to conclude that Forte could bind them for his obligation to pay the plaintiff subcontractor.
This court also concluded from the evidence that the one occasion when an employee of the plaintiff had a casual and limited conversation with the defendant Mark Mamula on or about January 2, 1995, did not create any contractual relationship and therefore it cannot be the basis for the plaintiff to recover payment form the defendants.
The work performed fell within the scope of the contract between the defendants and Forte, and therefore it was not an extra. Forte as the general contractor did not have the authority to bind the defendants to pay for any work outside the scope of the contract. For the foregoing reason judgment shall enter for the defendants and the plaintiff's Mechanics Lien and notice of Lis Pendens are discharged and released. CT Page 10230
Howard F. Zoarski, J.T.R.