[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Millaras Container Service and Piggery LLC, is a rubbish removal and collection service doing business in Quaker Hill, CT. The defendant, S. Tinnerello Son, Inc., is a disposal corporation licensed in the State of Connecticut.
The plaintiff alleges that from on or about December 1, 1994 through February of 1999, it rendered waste removal services to the defendant pursuant to an oral agreement between them. The plaintiff further alleges that the defendant has failed to pay the plaintiff for waste removal services provided during this period of time.
On March 31, 1999, the plaintiff filed a four count amended complaint alleging breach of contract (count one) quantum meruit (count two) and breach of a rental space agreement (count three). CT Page 10690 The plaintiff also seeks an injunction prohibiting the use of its name (count four).
On April 13, 1999, the defendant filed a motion to strike counts two, three and four of the complaint along with a memorandum of law in support.
On May 13, 1999, the plaintiff filed an objection to the motion to strike on the grounds that it has filed a motion to amend the complaint sought to be stricken. The objection was accompanied by said motion to amend and the amended complaint, both of which were dated May 13, 1999. In its amended complaint the plaintiff alleged breach of contact (count one), unjust enrichment (count two) and breach of a rental space agreement (count three). The plaintiff also seeks an injunction prohibiting the use of its name (count four).
On May 25, 1999, the defendant filed an objection to the plaintiff's motion for leave to amend the complaint. The objection was overruled by this court on June 29, 1999. As a result, the complaint dated May 13, 1999, is now the operative complaint. The court will consider the pending motion to strike along with its supporting memorandum of law as being directed toward the amended complaint.
No memorandum of law in opposition to the motion to strike has been filed by the plaintiff.
"The purpose of a motion to strike is to contest. the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1998).
I. Unjust Enrichment (Count Two)
The defendant argues that count two is legally insufficient because it is merely a restatement of the plaintiff's breach of contract claim as set out in count one, and as such, it fails to allege a separate and distinct claim for relief. CT Page 10691
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . .'" (Citation omitted; internal quotation marks omitted.) Weisman v. Kaspar, 233 Conn. 531, 550, 661 A.2d 530
(1995). Courts treat unjust enrichment as a "broad and flexible remedy"; Polverari v. Peatt, 29 Conn. App. 191, 200,614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); "to be
applied when no remedy is available pursuant to contract." AyotteBros. Construction Co. v. Finney, 42 Conn. App. 578, 581,680 A.2d 330 (1996).
"It is true that "proof of a contract ordinarily precludes the remedy of unjust enrichment"; Pleines v. FranklinConstruction Co., 30 Conn. App. 612, 616, 621, A.2d 759 (1993); as the "lack of a remedy under [a] contract is a precondition for recovery based upon unjust enrichment." Hartford Whalers Hockeyv. Uniroyal Goodrich Tire, 231 Conn. 276, 284, 649 A.2d 518
(1994). It is clear, however, that our case law "recognizes that a party may plead alternative and even inconsistent theories in the same action." Marrin v. Spearow, 35 Conn. App. 398, 401,646 A.2d 254 (1994); see also Pratt v. Old Saybrook, 225 Conn. 177,184, 621 A.2d 1322 (1994).
Accordingly, the defendant's motion to strike count two is denied since the plaintiff can plead an alternative cause of action.
II. Breach of Oral Agreement (Count Three)
The defendant argues that count three fails to allege that there was an oral agreement between the named defendant, Tinnerello Sons, Inc., and the plaintiff, and therefore, it fails to assert a legally sufficient claim for breach of an oral agreement.
In his complaint, the plaintiff alleges that he entered into an oral agreement with an "agent" of the defendant, Sal Tinnerello, whereby the defendant would store pieces of its equipment upon the plaintiff's property for a "very brief period of time at no charge." The plaintiff further alleges that when CT Page 10692 the period of storage began to exceed six months, he informed the defendant that he would begin to charge a monthly storage fee if the equipment was not removed. In response, the defendant continued to utilize the plaintiff's property for the storage of its equipment without rendering payment.
It is a well established principle of agency law that a disclosed or partially disclosed principle is subject to liability upon contracts made by an agent who is acting within his authority. See 1 Restatement (Second), Agency § 144, p. 357 (1958). Hence, the issue presented is whether Sal Tinnerello was an agent of the defendant when he entered into the rental space agreement with the plaintiff.
"[O]rdinarily, the question of agency is one of fact to be determined by the trier of fact." West Haven Sound DevelopmentCorp. v. West Haven, 201 Conn. 305, 311, 514 A.2d 734 (1986). See also Cleaveland v. Gabriel, 149 Conn. 388, 394, 180 A.2d 749
(date); Nowak v. Capitol Motors, Inc., 158 Conn. 65, 68,255 A.2d 845 (date). Here, issues of fact exist as to whether Sal Tinnerello was an agent acting on behalf of the defendant when he entered into the alleged oral agreement, and if found to be an agent, whether he was acting within the scope of his authority at the time in question.
The defendant also argues that the alleged oral rental space agreement was for free storage and, therefore, the demand for storage fees is not part of the oral agreement.
It is true that the oral agreement did not originally contemplate storage fees. Nevertheless, the plaintiff alleges that he notified the defendant that he would continue the rental space agreement at a monthly rate if the defendant did not remove its equipment. Hence, the plaintiff's notification to the defendant could reasonably be interpreted as an offer which was accepted by the defendant by virtue of its inaction.
"Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance . . . where an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation." 1 Restatement (Second), Contracts § 69, p. 164 (1981). "An acceptance [of an offer] may be by forbearance to act as well as by action, if it is forbearance that is requested by the offer." 1 A. Corbin, Contracts (Rev. Ed. CT Page 10693 1993) § 3.12, p. 364.
Consequently, questions of fact also exist as to whether the defendant assumed the rental costs by assenting to the plaintiff's offer to provide storage space at a monthly rate.
Generally, questions of fact do not lend themselves to resolution by a motion to strike. See Hughes v. National Car Rental Systems,Inc., 22 Conn. App. 586, 590, 577 A.2d 1132, cert. denied,216 Conn. 817, 580 A.2d 57 (1990) ("If there is room for a reasonable disagreement, the question should be submitted to the trier of fact . . . and not determined by the court on a motion to strike."). Accordingly, the defendant's motion to strike count three is denied.
III. Injunction Prohibiting Use of Name (Count Four)
The defendant argues that count four fails to state a legally sufficient claim for a temporary or permanent injunction because (1) the plaintiff has not alleged the violation of a specific right of the plaintiff in that it has not alleged that it owns or has registered the name at issue; and (2) the plaintiff has failed to allege either probable success on the merits of its claim or imminent, or substantial and irreparable injury.
The issuance of an injunction is discretionary, and is considered to be a harsh remedy. Stocker v. City of Waterbury,154 Conn. 446, 449, 226 A.2d 514 (1967). Even where the danger of irreparable injury has been shown, the granting of injunctive relief is not mandatory. It remains a matter committed to the sound discretion of the court. Emhart Industries, Inc. v.Amalgamated Local Union, 190 Conn. 371, 406, 461 A.2d 422 (1983). Generally, a temporary injunction will not issue unless "the evidence is clear and where no substantial doubt exists as to the plaintiff's rights to the injunction." Lekto-Shave Corp. v.General Shaver Corp., 19 F. Sup. 843 (D. Conn. 1937).
To secure a temporary injunction the applicant must show: (1) that he is likely to succeed on the merits of his claim; (2) that without the injunction he will sustain irreparable injury; (3) that the remedy at law is inadequate; and (4) that a balancing of the equities tilts in the plaintiff's favor. See WaterburyTeacher Association v. Freedom of Information Commission,230 Conn. 441, 446, 645 A.2d 978 (1994); Griffin Hospital v.Commission on Hospitals Health Care, 196 Conn. 451, 456-57, CT Page 10694493 A.2d 229 (1985).
Here, the plaintiff alleges that the defendant commenced using the name A. Millaras with his telephone number in the New London, Groton and Waterford edition of the Southern New England Telephone Book and painted the name A. Millaras, Inc., on its roll-off containers and trucks. The plaintiff alleges that the defendant never obtained permission from the plaintiff to use the plaintiff's name.
The plaintiff does not allege, however, that it has filed trade name certificates with the city clerk's office indicating that it is doing business as A. Millaras and A. Millaras, Inc. Hence, the plaintiff has failed to allege a specific right to use the aforementioned trade names exclusively. As a result, the legal right is uncertain and, as previously mentioned, the court "will not interfere [by means of injunctive relief] where the legal right is doubtful." Ginsberg v. Mascia, 149 Conn. 502, 505,182 A.2d 4 (1962). Moreover, based on the allegations presented, the plaintiff has failed to show that he is likely to succeed on the merits of his claim.
Accordingly, the motion to strike count three is granted.
Martin, J.